Bernice Wise, Administratrix of the Estate of Arthur Wise, Deceased, Plaintiff-Appellee, v. City of Chicago, John C. Melaniphy, Corporation Counsel of the City of Chicago, and Sol M. Glick, Assistant Corporation Counsel, Defendants-Appellants.

Gen. No. 48,744.

First District, Third Division.

June 6, 1962.

John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin and Robert J. Collins, Assistant Corporation Counsel, of counsel), for appellants.

David S. Minor, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order granting a temporary injunction restraining the City of Chicago and other defendants from prosecuting a claim in the Probate Court of Cook County against the estate of Arthur Wise. The claim is based upon a judgment for $1000 obtained by the city in the Municipal Court of Chicago against Arthur Wise for certain building code violations. Under Section 72 of the Civil Practice Act a petition attacking the Municipal court judgment was denied and pending appeal, Arthur Wise died. No substitution was made and the appeal was abandoned. Subsequently the city filed its claim in the Probate court.

The city presented a motion to strike the complaint and dismiss the suit and also filed a motion to dissolve the temporary injunction. The court permitted plaintiff to file an amended complaint, after which defendants renewed their motion to dissolve the temporary injunction. This was denied. It is from this order denying the motion to dissolve the injunction that defendants appeal.

The first point made by defendants is that the order for temporary injunction did not provide for the issuance of a bond. Section 8 of the Injunc-

tions Act, Ill Rev Stats, ch 69, § 8 (1961) provides that "Before an Injunction shall issue to enjoin a judgment, the plaintiff shall give bond. . . ." Failure to require bond was error. Guarantee Trust & Sav. Bank v. Carlson, 240 Ill App 36; Grossman v. Davis, 117 Ill App 354.

■ The second point made by defendants, that the judgment of the Municipal Court of Chicago is not subject to collateral attack, is likewise valid. The jurisdiction of the Municipal court is not challenged. Appeals were in fact taken to this court by Arthur Wise, No. 48268 and 48296, and were dismissed.

■ Plaintiff makes the point that the temporary injunction was not subject to review since the appeal was not perfected within 30 days as required by Section 78 of the Civil Practice Act. This section provides that an appeal may be taken to the Appellate court from an interlocutory order concerning injunctions and receivers, providing the appeal is perfected in the trial court and the record filed in the Appellate court within 30 days from the entry of the interlocutory order. Plaintiff bases her argument upon the fact that the order for the issuance of a temporary injunction was entered on November 15, 1961. However, this is not the interlocutory order from which the appeal is taken. The appeal is taken from the order which denied the motion of defendants to dissolve the injunction. The statute specifically provides for appeals from such interlocutory orders. The order was entered on March 1, 1962, and plaintiff's appeal therefrom and the record filed therein were within the time provided by statute.

■ The second point made by plaintiff is that it was mandatory that the court deny defendants' motion to dissolve the injunction without answer being filed and without showing lack of equity on the face

198

of the complaint. The motion to dissolve was based on the proposition that the complaint did not show ground for invoking equitable jurisdiction by way of injunction. The complaint does not in fact show any basis for it.

The order is reversed and the cause is remanded with directions to dissolve the temporary injunction and to take such other proceedings as are in accordance with this opinion.

Order reversed and cause remanded with directions.

McCORMICK, P. J. and DEMPSEY, J., concur.