**Harry E. Schoen, Plaintiff-Appellant, v. Caterpillar Tractor Co., a Corporation, Defendant-Appellee.**

Gen. No. 66–31.

Third District.

December 16, 1966.

Moehle, Moehle & Reardon, of Pekin, for appellant.

Miller, Westervelt & Johnson, of Peoria, for appellee.

CORYN, P. J.

This is an appeal by the plaintiff from an order of the Circuit Court of Tazewell County dismissing plaintiff's amended complaint on defendant's motion. The complaint was for breach of an alleged oral contract of employment, and the trial judge held that this complaint should be dismissed because it appeared on its face that the alleged oral contract of employment was terminable at the will of either party, and therefore unenforceable at law. The order of the Circuit Court dismissing the complaint provided, inter alia, that ". . . the court doth order that the motion of the defendant to dismiss the amended complaint is allowed . . . and the amended complaint is hereby dismissed." The defendant has filed with this court a motion to dismiss the appeal on ground that said order is not final and appealable, and that therefore this court is without jurisdiction to review this case.

██ The jurisdiction of Appellate Courts is limited to reviewing appeals from final judgments of the Circuit Courts, except in those specific cases where appeals from interlocutory orders are permitted by Supreme Court Rule. Article VI, § 7, Constitution of Illinois, 1870; Supreme Court Rule 31. In Niles v. Szczesny, 13 Ill2d 45, 147 NE2d 371, a final and appealable order was defined as follows:

> "To be final and appealable, a judgment or order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution

316

of the judgment. While the order need not dispose of all the issues presented by the pleadings, it must be final in the sense that it disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof."

The obvious purpose therefore is to prevent a multiplicity of suits and piecemeal appeals. Consequently, those trial orders dismissing or striking complaints, which if affirmed, might result in the filing by the plaintiff of a new suit or amended complaint arising from the same transaction, are found not to be final and appealable because they have not terminated the litigation between the parties. If a plaintiff desires to stand on his complaint after it has been dismissed for failure to state a cause of action, he should so indicate to the trial court, whereupon a final judgment can be entered for the defendant. If this judgment is affirmed, it could be used in bar, through the principles of res judicata, of any future suits by the plaintiff against the defendant arising out of or based on the same transaction. See Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill 200, 75 NE 473; Prange v. City of Marion, 297 Ill App 353, 17 NE2d 616; Board of Education of Grant Community High School Dist. No. 121 v. Board of Education of Richmond-Burton Community High School Dist. No. 157, 301 Ill App 228, 22 NE2d 400; Aetna Plywood & Veneer Co. v. Robineau, 336 Ill App 339, 83 NE2d 896; Curtis v. Albion-Brown's Post 590 American Legion, 65 Ill App2d 473, 213 NE2d 621.

Accordingly, we are of the opinion that the order of the Circuit Court dismissing plaintiff's complaint is not a final and appealable order, and therefore this appeal is dismissed.

Appeal dismissed.

ALLOY and STOUDER, JJ., concur.