TROPHYTIME, INC., Plaintiff-Appellant, *v.* LARRY GRAHAM, Defendant-Appellee.

Fourth District   No. 15385

Opinion filed June 26, 1979.

Mort A. Segall, of Law Offices of Mort A. Segall, of Urbana, for appellant.

Francis J. Davis, of Maloney & Davis, of Urbana, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

We do not reach the merits.

We *cannot.*

No jurisdiction.

Here's why: A motion directed against an *interlocutory* order will not toll the running of the 30-day deadline for the filing of the notice of appeal.

Trophytime sought—*inter alia*—to have a former employee enjoined from competing with plaintiff, based upon an alleged breach of contract.

After hearings, the trial court, in a memorandum opinion and order dated August 30, 1978, denied plaintiff's request for an injunction. Then, a motion to vacate the August 30 order was filed by plaintiff on September 13, 1978. That motion sought a rehearing on defendant's motion for judgment or, in the alternative, leave to file an amendment to the complaint. This motion was denied on November 30, 1978, and on December 27, 1978, the plaintiff filed a notice of interlocutory appeal.

This court—observing that the notice of interlocutory appeal was filed almost *four months* after entry of the order being appealed—*sua sponte* entered a rule to show cause why the appeal should not be dismissed for failure to comply with Supreme Court Rule 307. (Ill. Rev. Stat. 1977, ch. 110A, par. 307.) We conclude that plaintiff's notice of interlocutory appeal was not timely filed and therefore this appeal must be dismissed.

Supreme Court Rule 307 allows an interlocutory appeal to be perfected by the filing of a notice of appeal within 30 days from the entry of the interlocutory order denying an injunction. Having failed to meet this time restriction, plaintiff now argues that its motion requesting that the August 30 order be vacated extended the time within which it could file a timely notice of appeal. Under plaintiff's reasoning, the notice of appeal was timely filed since it was filed within 30 days of the date that its September 13 motion was denied.

We cannot agree.

In *Seaman v. Lawn Savings & Loan Association* (1970), 128 Ill. App. 2d 181, 262 N.E.2d 823, the plaintiff argued that his motion, filed subsequent to the entry of an interlocutory order, started over again the time for filing the notice of such an appeal under section 68.3 of the Civil Practice Act. (Ill. Rev. Stat. 1969, ch. 110, par. 68.3.) In rejecting this contention, the *Seaman* court pointed out that section 68.3 deals with motions to vacate or modify final decrees or final judgments in cases tried without a jury. It does not appear to have any relevance to interlocutory orders. Nor is the time within which to file a notice of interlocutory appeal extended by filing a post-trial motion pursuant to Supreme Court Rule 303(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a)), which is directed to final judgments.

Plaintiff argues that its motion—unlike the one filed in *Seaman*—directly attacked the interlocutory order and any issue relating to that order was not settled and disposed of until the motion was denied on November 30. We do not find this argument persuasive. The grant or denial of the extraordinary relief of an injunction ordinarily has a substantial impact upon one of the parties. Rule 307 is an exception to the final judgment rule and allows a party to take an appeal from such interlocutory orders. We are aware of no authority, however, which

would allow a motion (filed subsequent to the entry of an interlocutory order) to postpone the time in which to file a timely notice of appeal.

Plaintiff has failed to meet the requirements of Rule 307 and, thus, we are without jurisdiction to entertain the appeal.

Appeal dismissed.

REARDON, P. J., and CRAVEN, J., concur.