88 Ill. App.3d 42 (1980)
410 N.E.2d 374
In re ADOPTION OF JOHN DAVID ANDERSON.  (DONALD RAY HALL et al., Petitioners-Appellees,
v.
DONNA KAY HARDEN, Respondent-Appellant.)
No. 80-132.
Illinois Appellate Court  Third District.
Opinion filed August 29, 1980.
Rehearing denied October 8, 1980.
Timothy L. Bertschy, of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.
Ted G. Collins, of Love & Collins, of Lewistown, for appellees.
Tom B. Ewing, of Proctor & Ewing, of Lewistown, for John David Anderson.
Appeal dismissed.
Mr. JUSTICE BARRY delivered the opinion of the court:
This is an appeal from an interlocutory order of the Circuit Court of Fulton County terminating the parental rights of the respondent-appellant, Donna Kay Harden. We are unable to reach the merits of this case, however, because we lack the jurisdiction to do so. Accordingly, we grant the petitioners' motion to dismiss this appeal.
On June 21, 1979, the petitioners filed a petition for adoption in the Circuit Court of Fulton County. In their petition they sought to adopt John David Anderson, whose natural mother is respondent Donna Kay Harden. Harden executed a "Final and Irrevocable Consent to Adopt" on June 27, 1979, which was filed by the petitioners on July 23, 1979. However, in the interim Harden revoked her consent to adopt by filing with the circuit court a "Revocation of Consent to Adoption." Following a hearing, the Circuit Court of Fulton County found that the defendant's initial consent to adopt was valid, and consequently terminated her parental rights in an interim order dated October 12, 1979. On November 12, 1979, the respondent filed a motion for reconsideration, which was *43 denied on February 11, 1980. On March 11, 1980, the respondent filed notice of appeal.
Appeals from interlocutory orders are governed by Supreme Court Rules 307 and 308 (Ill. Rev. Stat. 1977, ch. 110A, pars. 307, 308). Rule 307(a)(6) allows for an appeal as of right from an interlocutory order terminating parental rights in adoption cases. Under Rule 307, an appeal from such an interlocutory order must be perfected within 30 days from the entry of the interlocutory order by filing with the trial court a "Notice of Interlocutory Appeal." The question before us is whether the running of this 30-day period is tolled by the filing of a motion for rehearing or reconsideration of the interim order.
This precise issue was before the Fourth District Appellate Court in Trophytime, Inc. v. Graham (1979), 73 Ill. App.3d 335, 391 N.E.2d 1074. In that case, Trophytime sought, inter alia, an injunction against the defendant to prohibit him from competing. An interlocutory order denying plaintiff's request for an injunction was entered on August 30, 1978. On September 13, 1978, the plaintiff filed a motion to vacate the August 30 order in which it sought a rehearing or, in the alternative, leave to amend its complaint. This motion was denied on November 30, 1978, and on December 27 the plaintiff filed a notice of interlocutory appeal. Noting that the plaintiff's notice of appeal was filed almost four months after the entry of the interlocutory order, the court, sua sponte, entered a rule to show cause why the appeal should not be dismissed for failure to comply with Supreme Court Rule 307. The plaintiff contended that the 30-day period for filing the notice of interlocutory appeal under Rule 307 ran not from the date of the interim order, but from the date of the denial of its motion to vacate. The court, however, disagreed. "We are aware of no authority * * * which would allow a motion (filed subsequent to the entry of an interlocutory order) to postpone the time in which to file a timely notice of appeal." (73 Ill. App.3d 335, 336-37, 391 N.E.2d 1074, 1075.) Because Trophytime's notice of interlocutory appeal was not filed within 30 days of the entry of the interlocutory order, the court had no jurisdiction to hear the appeal. Accordingly, the plaintiff's appeal was dismissed.
In her memorandum in opposition to the petitioners' motion to dismiss, the respondent in the instant case argues that Trophytime was incorrectly decided and should not be followed here. She takes the position that Trophytime violates the intent of section 4 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 4 (applicable to supreme court rules through Supreme Court Rule 2 (Ill. Rev. Stat. 1977, ch. 110A, par. 2))), which provides that "[t]his Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties," and unduly limits the *44 opportunity of a trial court to review its ruling (compare Supreme Court Rule 303(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a) (notice of appeal from a final order is to be filed within 30 days of the entry of the order disposing of a timely post-trial motion)).) We do not believe, however, that Trophytime violates the spirit and intent of section 4 of the Civil Practice Act. To the contrary, Trophytime fosters expediency and celerity in appeals from interlocutory orders by giving litigants 30 days, and 30 days only, from the entry of the interlocutory order to perfect an appeal. Final determinations on the merits are thereby more quickly obtained. Further, we do not believe that Trophytime unduly divests trial courts of an opportunity to review the propriety of an interim order. Neither Trophytime nor Rule 307 precludes review of an interlocutory order by the court issuing that order. Trophytime merely states that if appellate review is sought, the appeal must be perfected within 30 days of the entry of the interlocutory order. If this decreases the opportunity of the trial court to reconsider its ruling, it is because such a result is the mandate of Supreme Court Rule 307.
The respondent also attacks the Trophytime court's reliance upon Seaman v. Lawn Savings & Loan Association (1970), 128 Ill. App.2d 181, 262 N.E.2d 823, in holding that the filing of the plaintiff's motion to vacate did not toll the 30-day filing period. In Seaman, the motion for "modification and correction" of the court's interlocutory order did not seek modification or vacation of the interim order in its entirety (128 Ill. App.2d 181, 183, 262 N.E.2d 823, 826). In Trophytime, the plaintiff's motion directly attacked the interlocutory order. The respondent in the case at bar contends that this distinction makes Trophytime's reliance upon Seaman erroneous. This same argument, however, was made before the Trophytime court and rejected as unpersuasive. We do the same. The running of the 30-day period in which to file notice of appeal from an interlocutory order does not hinge upon the subject matter or purpose of motions filed subsequent to that order. Such a provision is not to be found in Rule 307, and we decline to qualify the filing requirements of that rule in a manner obviously not intended.
Finally, the respondent urges this court to depart from Trophytime because of the significant policy questions present in this case. We realize that as a result of the dismissal of this appeal the trial court's interlocutory order stands and the respondent's parental rights in her son are terminated. Such a result seems harsh. However, as we interpret Rule 307 and Trophytime, we have no choice but to dismiss the appeal for lack of appellate jurisdiction.
Appeal dismissed.
STENGEL and SCOTT, JJ., concur.