LAKE SHORE OIL COMPANY, Plaintiff-Appellee, *v.* SOVEREIGN OIL COMPANY *et al.*, Defendants-Appellants.

First District (1st Division)    No. 81-1327

Opinion filed July 27, 1981.

Propp & Schultz and Norman S. Lynn, both of Chicago, for appellants.

Berkson, Gorov & Levin, Ltd., of Chicago (Arthur M. Gorov, of counsel), for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

On June 12, 1980, Lake Shore Oil Company, a corporation, (plaintiff), filed its complaint for injunction and other relief against Sovereign Oil Company, a corporation, and Future Chemical and Oil Corporation, a corporation (defendants). On June 17, 1980, the trial judge entered an *ex parte* temporary restraining order enjoining defendants from selling or disposing of property of plaintiff. On June 25, 1980, defendants filed a motion to dissolve the temporary restraining order. On that day the trial judge denied the motion to dissolve. In addition, by agreement of the parties, the court ordered that the temporary restraining order remain in effect pending hearing on plaintiff's motion for preliminary injunction.

The parties then proceeded with discovery. On September 10, 1980, defendants filed an answer and counterclaim. On April 29, 1981, defendants filed a petition for rehearing of their motion to vacate the temporary restraining order. On April 30, 1981, the defendants' petition for rehearing was denied. On May 19, 1981, defendants filed a notice of interlocutory appeal. Ill. Rev. Stat. 1979, ch. 110A, par. 307.

The parties have filed their briefs in this court. Plaintiff's brief contends this court lacked jurisdiction because of tardy filing of the notice of appeal. The temporary restraining order here entered was an interlocutory order, thus subject to interlocutory appeal.

The pertinent rule provides (Supreme Court Rule 307(a)):

"The appeal must be perfected within 30 days from the entry of the interlocutory order by filing a notice of appeal designated 'Notice of Interlocutory Appeal' * * *." Ill. Rev. Stat. 1979, ch. 110A, par. 307(a).

In the instant case, the temporary restraining order was entered *ex parte*. Therefore, the rights of the parties are governed by Rule 307(b), which provides:

"If an interlocutory order is entered on ex parte application, the party intending to take an appeal therefrom shall first present, on notice, a motion to the trial court to vacate the order. An appeal may be taken if the motion is denied, or if the court does not act thereon within 7 days after its presentation. The 30 days allowed for taking an appeal and filing the record begins to run from the

day the motion is denied or from the last day for action thereon." Ill. Rev. Stat. 1979, ch. 110A, par. 307(b).

■■ Defendants made a motion to dissolve the temporary restraining order on June 25, 1980. This motion was denied on June 25, 1980. Therefore, under the clear language of the rule, the defendants' time for taking the appeal began to run from June 25, 1980. It follows that defendants' subsequent filing of the notice of interlocutory appeal on May 19, 1981, was after the time had elapsed. This court therefore has no jurisdiction.

We find this situation discussed in *Trophytime, Inc. v. Graham* (1979), 73 Ill. App. 3d 335, 391 N.E.2d 1074. This court expressly pointed out we were aware of no authority "which would allow a motion (filed subsequent to the entry of an interlocutory order) to postpone the time in which to file a timely notice of appeal." (73 Ill. App. 3d 335, 336-37.) We find the same result reached in *In re Adoption of Anderson* (1980), 88 Ill. App. 3d 42, 410 N.E.2d 374. Under similar circumstances, the court there followed the decision in *Trophytime*.

■■ However, in its reply brief in this court, defendants urge their notice of appeal was timely filed because their petition for rehearing of their motion to vacate the temporary restraining order, filed April 29, 1981, raised new points not brought out in the motion to dissolve previously made by defendants on June 25, 1980. However, this same situation was present in *Trophytime* (see 73 Ill. App. 3d 335, 336), and also in *In re Adoption of Anderson*. In *Anderson*, the court disposed of this contention as follows (88 Ill. App. 3d 42, 44):

"This same argument, however, was made before the *Trophytime* court and rejected as unpersuasive. We do the same. The running of the 30-day period in which to file notice of appeal from interlocutory order does not hinge upon the subject matter or purpose of motions filed subsequent to that order. Such a provision is not to be found in Rule 307, and we decline to qualify the filing requirements of that rule in a manner obviously not intended."

In Ill. Ann. Stat. ch. 110A, par. 307, Supplement to Historical and Practice Notes, at 381 (Smith-Hurd Supp. 1981-1982), the authors cited *Trophytime* and stated:

"Appeals under this rule [307] must be filed within 30 days of entry of the interlocutory order sought to be reviewed. No motion attacking the order will serve to extend the time for appeal. *Trophytime, Inc. v. Graham*, 73 Ill. App. 3d 335, 391 N.E.2d 1074."

Accordingly the within appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

CAMPBELL, P. J., and O'CONNOR, J., concur.