BAIRD & WARNER, INC., Plaintiff-Appellee, *v.* GARY-WHEATON BANK, Trustee, *et al.*, Defendants-Appellees (Shorewood Condominium Association, Defendant-Appellant).

Second District Nos. 83—385 through 83—387, 83—435 through 83—442 cons.

Opinion filed February 22, 1984.

Catherine Valenti, of Marshall N. Dickler, Ltd., of Arlington Heights, for appellant.

Arnstein & Zeller, of Skokie, and Thomas M. Breen, of Breen, Lucas & Poris, of Addison, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

A condominium association takes this consolidated appeal from 11 foreclosure suits in the circuit court of Du Page County, asserting that its right to possession of the mortgaged premises during the pendency of the suits was superior to that of the mortgagee. Because we lack jurisdiction, however, we must dismiss the appeal.

This case involves 11 units of the Shorewood Condominiums in Glendale Heights. Each of the units was owned by defendant Gary-Wheaton Bank as the trustee and defendant IRE Properties, Inc., as the beneficiary of the trusts. The units were mortgaged to plaintiff, Baird & Warner, Inc. (Baird & Warner). The owners defaulted both on the notes secured by the mortgages and on the monthly assessments due to defendant Shorewood Condominium Association (Shorewood). Shorewood began initiating forcible entry and detainer suits to obtain possession of the units and had obtained possession orders for some of the units when, on July 27, 1982, Baird & Warner filed the present 11 actions to foreclose the mortgages. On August 20, 1982, the trial court appointed a receiver to collect rents and payments on the units.

On February 4, 1983, in response to motions by both Baird & Warner and Shorewood for summary judgment, the trial court issued orders which, *inter alia*, declared that the mortgage lien of Baird & Warner was superior to the rights and interests of all of the defendants, including Shorewood, and which placed Baird & Warner as mortgagee in sole possession of the units during the pendency of the foreclosure action. On March 7, 1983, Shorewood filed a petition for rehearing in eight of the suits requesting the court to vacate its February 4 possession order. The trial court denied the petitions on March 28, 1983, and, on April 4, 1983, Shorewood filed notices of in-

terlocutory appeal to this court challenging the February 4 and March 28 orders (Nos. 83—295 through 83—302). However, this court dismissed those appeals as untimely upon motion by Baird & Warner pointing out that a motion to reconsider or for rehearing does not toll the 30-day deadline for filing notice of appeal following an appealable interlocutory order. See *Trophytime, Inc. v. Graham* (1979), 73 Ill. App. 3d 335, 391 N.E.2d 1074; *Lake Shore Oil Co. v. Sovereign Oil Co.* (1981), 98 Ill. App. 3d 553, 424 N.E.2d 856.

Final decrees of foreclosure were entered by the trial court on March 28, 1983, in the three suits not originally appealed and on April 4, 1983, in the remaining eight suits. New notices of appeal were filed by Shorewood on the following April 27 for the three suits not originally appealed and on May 4 for the remaining eight suits. This court subsequently consolidated the 11 appeals.

Baird & Warner raises the issue of this court's jurisdiction to consider this appeal. It argues that, because the issue raised by Shorewood on this appeal was the subject of the earlier appeals which were dismissed, that issue may not be raised on a second appeal.

 Shorewood's earlier appeals from the orders of February 4, 1983, putting Baird & Warner in possession during the pendency of the foreclosure action, though dismissed by this court as untimely, were interlocutory appeals pursuant to subsection (a)(4) of Supreme Court Rule 307 (87 Ill. 2d R. 307(a)(4)). Although generally only final judgments or orders are appealable, Rule 307 creates some very specific exceptions for certain interlocutory orders appealable as a matter of right, including orders placing or refusing to place a mortgagee in possession of mortgaged premises. (87 Ill. 2d R. 307; *Olympic Federal v. Witney Development Co.* (1983), 113 Ill. App. 3d 981, 447 N.E.2d 1371.) It has been held that a party's failure to timely appeal a trial court's order denying a motion to dissolve a temporary restraining order pursuant to Rule 307(a)(1) renders that order the law of the case from which a later appeal cannot be taken. (*Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535; *Debowski v. Shred Pax Corp.* (1977), 45 Ill. App. 3d 891, 359 N.E.2d 204.) Similar rulings have been made with regard to an order vacating a default judgment appealable under Rule 304(b)(3) (*Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 365 N.E.2d 102) and an order suppressing evidence in a criminal case appealable under Rule 604(a)(1) (*People v. Taylor* (1971), 50 Ill. 2d 136). *Debowski* noted that the authorities support the general rule that a judgment is *res judicata* where an appeal has not been perfected. *Debowski v. Shred Pax Corp.* (1977), 45 Ill. App. 3d 891, 897, 359 N.E.2d 204, 209.) The *Johnson* court stated

that a judgment, order or decree from which an appeal might have been taken may not be reviewed on appeal from a subsequent order entered in the same cause. (*Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 673-74, 365 N.E.2d 102, 104.) We see no reason why these statements of the general rule should not be applicable to an interlocutory order appealable under Rule 307(a)(4). Thus, the trial court's appealable orders of February 4 are not reviewable on this appeal.

Shorewood does not contradict this rule, but asserts that this appeal is from the final judgments rather than from the February 4 "interlocutory, preliminary determination of the mortgagee's right to possession." It points out that the trial court's February 4 possession orders merely reflect a determination that there is a reasonable probability that the mortgagee will prevail in the final hearing of the foreclosure action (Ill. Rev. Stat. 1981, ch. 110, par. 15—305; *Olympic Federal v. Witney Development Co.* (1983), 113 Ill. App. 3d 981, 447 N.E.2d 1371) while the final foreclosure decrees were a final determination of the rights and interests of the parties. However, an examination of Shorewood's notices of appeal and brief belies its assertion.

Each of Shorewood's notices of appeal in this consolidated appeal read as follows:

"NOTICE IS HEREBY GIVEN that, pursuant to Illinois Supreme Court Rule 303, Ill. Rev. Stat. ch. 110A, Section 303, SHOREWOOD CONDOMINIUM ASSOCIATION, Defendant, by and through its attorneys, MARSHALL N. DICKLER, LTD., hereby appeals to the Appellate Court of Illinois for the Second Judicial District, from the judgment of the Circuit Court for the Eighteenth Judicial District, DuPage County, Illinois entered on April 4, 1983, ["March 28, 1983" in the three causes for which that was the date of entry for the final foreclosure decree] in favor of Plaintiff, BAIRD & WARNER, INC. Specifically, this Defendant-Appellant assigns as error that portion of the Court's Order of February 4, 1983 which placed Plaintiff, BAIRD & WARNER, INC., in possession of the subject premises as mortgagee in possession. This Defendant-Appellant prays that the reviewing court reverse that portion of said Order placing Plaintiff, BAIRD & WARNER, INC., in possession and order that Defendant, SHOREWOOD CONDOMINIUM ASSOCIATION, be placed in possession of the subject premises."

The scope of this court's jurisdiction is fixed by the notice of appeal. (87 Ill. 2d R. 303(c)(2); *International Industrial Leasing, Ltd. v. H.J. Coleman & Co.* (1978), 66 Ill. App. 3d 884, 384 N.E.2d 1.) Here,

that notice specifically assigned error only in the February 4 possession orders, and it prayed for relief only in the reversal of those orders.

Still, it is generally accepted that a notice of appeal is to be liberally construed; briefs, and not the notice of appeal itself, specify the precise points to be relied upon for reversal. (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427.) Shorewood's brief defines the "only issue on appeal" as "whether or not the trial court erred in granting that portion of Baird & Warner, Inc's. Motion For Summary Judgment placing it in possession during the pendency of the foreclosure actions as mortgagee in possession." Shorewood's statement of facts concludes that "[i]t is from these rulings [on February 4, 1983] that these appeals are taken." The argument section of Shorewood's brief is addressed entirely to the question of which party had the right to possession during the pendency of the foreclosure actions. The final decrees rendered on March 28 and April 4, 1983, from which this consolidated appeal is ostensibly taken, terminated that pendency by foreclosing the mortgages and gave possession to the grantees of the sheriff's deed executed to the purchasers upon judicial sale of the premises. The final decrees awarded only prospective, permanent possession while Shorewood's goal is to recover from Baird & Warner only the rentals accruing during the pendency of the proceedings. In sum, Shorewood's brief confirms the recitation contained in the notice of appeal that this appeal is taken solely from the February 4 possession orders.

Since we do not now have jurisdiction to review the interlocutory possession orders of February 4, 1983, and review of those orders is all that is sought by the appellant, we dismiss this appeal without reaching the merits.

Dismissed.

SEIDENFELD, P.J., and VAN DEUSEN, J., concur.