BEN KOZLOFF, INC., Plaintiff-Appellant, v. MARTHA G. LEAHY, Defendant-Appellee (Ocean Garden Products, Inc., Defendant).

First District (5th Division)　No. 84—1568

Opinion filed November 14, 1986.

Arvey, Hodes, Costello & Burman, of Chicago (Gary David Friedman, Donald F. Spak, and Thomas W. Flannigan, of counsel), for appellant.

Jeffrey S. Goldman and Martin K. Denis, both of Fox & Grove, Chartered, of Chicago, for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff Ben Kozloff, Incorporated, appeals from an order of the circuit court of Cook County dissolving a temporary restraining order issued against defendant-appellee Martha G. Leahy and her em-

ployer, Ocean Garden Products, Inc., striking plaintiff's motion for a preliminary injunction against those parties, and dismissing all four counts of Kozloff's complaint against those parties. Kozloff also appeals from the subsequent denial of its motion to reconsider that order.

We find that we have no jurisdiction and consequently dismiss this appeal.

This dispute arises out of an employment contract between Kozloff, a purchaser and seller of seafood, and Martha G. Leahy, who was hired as a salesperson by Kozloff on July 1, 1982.

The contract at issue, signed February 10, 1983, provided, *inter alia*, that for 12 months following the termination of her employment Leahy would not attempt to divert business from any Kozloff customers who did business with Kozloff within six months after Leahy's termination. During the 12-month period Leahy also was not to reveal any of Kozloff's trade secrets or confidential information, including Kozloff's customer lists.

On March 23, 1984, Kozloff filed a four-count complaint against Leahy and Ocean Garden. The complaint alleged that Leahy had left Kozloff's employment March 10, 1984, and had begun work with a competitor, Ocean Garden, on March 19, 1984. The complaint further alleged that in violation of her employment agreement with Kozloff (attached to the complaint as an exhibit) Leahy had attempted to divert business from Kozloff's customers and had imparted to Ocean Garden Kozloff's trade secrets, including its customer lists. The first two counts of the complaint alleged that Leahy had breached her contract with Kozloff and had also breached a fiduciary duty to Kozloff. The third count alleged that Ocean Garden had intentionally interfered with Kozloff's contract with Leahy. The fourth count alleged that both defendants had conspired in an attempt to compete unfairly with Kozloff. Kozloff sought to enjoin the defendants from using any confidential information obtained from Kozloff and also sought the return of any document relating to Kozloff's confidential information and trade secrets. Kozloff also sought compensatory and punitive damages from both defendants.

In an accompanying motion which incorporated by reference the allegations of the complaint, Kozloff requested a temporary restraining order and preliminary injunction barring Leahy and Ocean Garden from disclosing or utilizing Kozloff's trade secrets, and requiring them to return any documents in their possession concerning Kozloff's customers and suppliers.

That same day the circuit court issued a temporary restraining

order barring defendants from soliciting business from Kozloff's customers and also barring them from revealing any of Kozloff's trade secrets or confidential information. Kozloff was required to post a surety bond in the amount of $10,000, and a hearing on the motion for preliminary injunction was set for March 30, 1984.

Ocean Garden subsequently moved to dissolve the temporary restraining order, to strike the motion for preliminary injunction, and to dismiss counts III and IV of the complaint. Leahy joined in this motion and also moved to dismiss the remaining counts of the complaint.

On March 30, 1984, the circuit court granted the motion to dissolve the temporary restraining order. The court found that by referring to an extrinsic document (Kozloff's employment contract) in describing what defendants were enjoined from doing, the order violated the statutory requirement that the acts to be restrained be detailed in the order itself rather than by reference to other documents. Ill. Rev. Stat. 1983, ch. 110, par. 11—101.

The court then also found that the complaint alleged insufficient consideration to support the restrictive covenant contained in Kozloff's contract with Leahy. The court specifically indicated that this finding was subject to change upon amendment of the complaint. Based upon this finding the court entered an order dismissing all counts of the complaint and the motion for preliminary injunction.

On April 18, 1984, Kozloff filed a motion to reconsider that order. Kozloff requested vacation of the order dissolving the temporary restraining order, reinstatement of the complaint, and issuance of a preliminary injunction against the defendants. Following a hearing on June 12, 1984, the circuit court issued an order denying the motion for reconsideration. Kozloff then filed a notice of appeal as to the orders of June 12, 1984, and March 30, 1984.

During the pendency of the appeal before this court, Kozloff and Ocean Garden reached a settlement and Ocean Garden was dismissed from the case.

■■ ■ Although the issue of our jurisdiction to hear this appeal has not been raised by any of the parties, we have an obligation to consider the issue on our own motion where the facts warrant such consideration. (*Findley v. Posway* (1983), 118 Ill. App. 3d 824, 455 N.E.2d 861.) Ordinarily an order dismissing or striking a complaint is not final and thus not appealable unless the language of the order also indicates that the litigation is terminated and that the plaintiff will not be permitted to plead over. (*Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 45 N.E.2d 20; *O'Hara v. State*

*Farm Mutual Auto Insurance Co.* (1985), 137 Ill. App. 3d 131, 484 N.E.2d 834; *Martin v. Marks* (1980), 80 Ill. App. 3d 915, 400 N.E.2d 711.) Even where the plaintiff subsequently elects to stand on his complaint the striking or dismissal of the complaint is not a final order until an order dismissing the suit is entered. *Wick Building Systems, Inc. v. Bunning* (1982), 107 Ill. App. 3d 61, 437 N.E.2d 341; *Martin v. Marks* (1980), 80 Ill. App. 3d 915, 400 N.E.2d 711.

■ Here the circuit court's order of March 30 recited only that the motion to dismiss all counts of the complaint was granted. The June 12, 1984, order merely stated that the motion to reconsider the dismissal of the complaint was denied. Thus these were not final orders.

Some cases have held that if the substance of the order results in termination of the litigation and finally disposes of the parties' right then the order is final and appealable regardless of the form of the order. (*O'Fallon Development Co. v. City of O'Fallon* (1976), 43 Ill. App. 3d 348, 356 N.E.2d 1293; *Pratt v. Baker* (1967), 79 Ill. App. 2d 479, 223 N.E.2d 865.) But even under that standard the orders at issue here were not final. In denying Kozloff's motion to reconsider, the circuit court reiterated what it had indicated in issuing the prior order of dismissal, that Kozloff was not precluded from amending its complaint. The court stated:

> "[A]ll I was doing was striking the complaint and urging [Kozloff] to file a new one and suggesting until such time as they filed a new one, it was inappropriate for the Court to have a preliminary injunction or temporary restraining order outstanding."

Because the orders appealed from, as they related to the dismissal of the complaint, were not final they were also not appealable and we have no jurisdiction to review them.

■ Kozloff has also attempted to appeal from the order of March 30 insofar as it dissolved the temporary injunction and struck the motion for preliminary injunction. Such interlocutory appeals from orders dissolving or refusing to grant injunctions must be perfected within 30 days from the entry of the order by filing a notice of interlocutory appeal. (87 Ill. 2d R. 307.) Moreover no motion attacking the order will serve to extend the time for appeal. (*Trophytime, Inc. v. Graham* (1979), 73 Ill. App. 3d 335, 391 N.E.2d 1074; *Baird & Warner, Inc. v. Gary-Wheaton Bank* (1984), 122 Ill. App. 3d 136, 460 N.E.2d 840; see *Lake Shore Oil Co. v. Sovereign Oil Co.* (1981), 98 Ill. App. 3d 553, 424 N.E.2d 856.) Kozloff did not file its notice of appeal (not designated as interlocutory) from the March 30,

1984, order until June 25, 1984. As the 30-day filing requirement was not tolled by Kozloff's motion to reconsider, the interlocutory appeal was untimely and we have no jurisdiction to hear it. *Trophytime, Inc. v. Graham* (1979), 73 Ill. App. 3d 335, 391 N.E.2d 1074.

Appeal dismissed.

PINCHAM and MURRAY, JJ., concur.