THE COUNTY OF KNOX, Plaintiff-Appellant, v. LEO M. SWITZER, JR., *et al.*, Defendants-Appellees.

Third District   No. 3—86—0352

Opinion filed January 27, 1987.

Jonathon T. Schlake, Assistant State's Attorney, of Galesburg, for appellant.

Craig Collins, of Galesburg, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Plaintiff, the County of Knox (the County), filed suit to compel Leo M. Switzer, Jr., and other defendants not parties to this appeal to either demolish or repair their burned building. Switzer filed a motion for summary judgment and an alternative motion to dismiss the cause. The trial court found both motions inappropriate, but on its own motion dismissed the county's amended petition with leave to replead by January 6, 1986, and indicated that an appealable judgment would be entered if the county elected to stand on its pleadings.

When the court subsequently denied the county's motion to reconsider, it allowed the county until February 14 to amend its pleadings. On March 5, the county filed its motion for a final, appealable order and election to stand on the amended petition. In denying the plaintiff's motion on May 8, the court found no need to enter another order. On May 21, the county appealed.

The parties dispute which trial court order is being appealed. Switzer suggests that the January order was final and appealable but the county's appeal deadline lapsed. The county suggests that it timely appealed the court's final May 5 order. We find merit in neither argument.

An order dismissing a complaint with leave to amend is not final, as the trial court retains jurisdiction to permit the filing of an amended complaint beyond the time allotted to amend. (*Richardson v. Economy Fire & Casualty Co.* (1985), 109 Ill. 2d 41, 485 N.E.2d 327.) Similarly, an election to stand on the complaint rather than to amend subsequent to dismissal is not appealable until a subsequent order finally dismisses the suit. *Wick Building Systems, Inc. v. Bunning* (1982), 107 Ill. App. 3d 61, 437 N.E.2d 341.

We find that this court lacks jurisdiction to entertain this appeal. The trial court orders of both January 30 and February 6 granted the county leave to replead. Hence, neither order was appealable. The county subsequently elected to stand on its amended complaint rather than to file another pleading. The court, however, declined to enter a final dismissal order. We find that the record divulges no appealable orders, and therefore, this court *sua sponte* dismisses this appeal. See *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 470 N.E.2d 290.

Appeal dismissed.

BARRY and STOUDER, JJ., concur.