WALTER J. MILLER, Plaintiff-Appellant, v. SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC., d/b/a Humana Hospital Hoffman Estates, *et al.*, Defendants-Appellees.

First District (5th Division) No. 1—87—3470

Opinion filed June 2, 1989.

Gregory A. Adamski, of Chicago, for appellant.

John M. Duczynski and Brent J. Graber, both of Peterson, Ross, Schloerb & Seidel, of Chicago, for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Walter J. Miller, appeals from an order striking his third-amended complaint because it did not contain a plain and concise statement of his cause of action as required under section 2—603 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—603). Because we find the order was not final and appealable, we dismiss plaintiff's appeal for lack of jurisdiction.

Plaintiff, a medical doctor, filed a complaint against defendants for damages resulting from the revocation of his intra-abdominal surgical privileges with defendant Suburban Medical Center. Defendants moved to strike and dismiss plaintiff's third-amended complaint pursuant to section 2—615 (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), arguing it was substantially insufficient at law.

At the hearing on defendants' motion, the trial judge found that plaintiff's complaint was not a plain and concise statement of his cause of action as required under section 2—603. The judge stated, "The motion to dismiss will be granted, and that will be the extent of the order. You can file an amended complaint, if you so desire, within 30 days. If you do not, you can appeal the decision." The order entered stated:

> "It is hereby ordered that the plaintiff's third amended complaint fails to contain a plain and concise statement of the plaintiff's claim, and is therefore stricken. The plaintiff is given leave to file a further amended complaint within 30 days, or to stand on the third amended complaint and appeal."

Plaintiff filed a timely notice of appeal from the order.

OPINION

On appeal the parties devote their arguments to whether plaintiff's complaint stated a cause of action. Defendants even assert that the issue on appeal is whether the trial court erred when it found plaintiff's complaint failed to state a cause of action. These arguments are incorrect. The trial judge's comments at the hearing on the motion and the order entered establish that plaintiff's complaint was stricken, not dismissed, because it did not contain a plain and concise statement of his cause of action. The judge granted plaintiff 30 days to amend. Rather than amend, plaintiff appealed from that order.

The appellate court must ascertain whether it has jurisdiction to consider an appeal even though the parties do not raise the issue. (*Ben Kozloff, Inc. v. Leahy* (1986), 149 Ill. App. 3d 504, 501 N.E.2d 238.) In this case, plaintiff asserts our jurisdiction is conferred under Supreme Court Rule 301, which requires that the order appealed from is final. (107 Ill. 2d R. 301.) A final and appealable order terminates the litigation between the parties on the merits of the cause. (*Schoen v. Caterpillar Tractor Co.* (1966), 77 Ill. App. 2d 315, 316, 222 N.E.2d 332, quoting *Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48, 147 N.E.2d 371.) This court has previously held "an order dismissing or striking a complaint is not final and thus not appealable unless the language of the order also indicates that the litigation is terminated and that the plaintiff will not be permitted to plead over." *Ben Kozloff*, 149 Ill. App. 3d at 506, 501 N.E.2d at 240.

When a party is granted leave to amend his pleading, the trial court retains jurisdiction to permit the filing of an amended pleading beyond the time granted and, therefore, the order is not final. *Richardson v. Economy Fire & Casualty Co.* (1985), 109 Ill. 2d 41, 485 N.E.2d 327; *County of Knox v. Switzer* (1987), 151 Ill. App. 3d 873, 503 N.E.2d 841. See *Wick Building Systems, Inc., Agri-Buildings Division v. Bunning* (1982), 107 Ill. App. 3d 61, 437 N.E.2d 341; *Martin v. Marks* (1980), 80 Ill. App. 3d 915, 400 N.E.2d 711; *Hassett Storage Warehouse, Inc. v. Board of Election Commissioners* (1979), 69 Ill. App. 3d 972, 387 N.E.2d 785.

When a plaintiff subsequently elects to stand on his complaint rather than amend, the order striking or dismissing the complaint is not appealable until an order dismissing the action is entered. *County of Knox*, 151 Ill. App. 3d 873, 503 N.E.2d 841; *Ben Kozloff*, 149 Ill. App. 3d 504, 501 N.E.2d 238; *Wick*, 107 Ill. App. 3d 61, 437 N.E.2d

341; *Martin*, 80 Ill. App. 3d 915, 400 N.E.2d 711; *Schoen*, 77 Ill. App. 2d 315, 222 N.E.2d 332. See *Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 45 N.E.2d 20.

■ In the present case, plaintiff filed a notice of appeal from an order striking his complaint and granting him leave to amend. No order was subsequently entered dismissing the action. Before appealing, plaintiff should have either moved the court for an order dismissing the action or waited until such an order was entered rather than appeal from the order which merely struck his complaint and granted him leave to amend. That order was not final and appealable, and therefore, this court does not have jurisdiction to consider plaintiff's appeal.

We are aware of authority which holds that a party is not required to inform the trial court of his intention to stand on his pleading. (See *A. Charles & Co. v. Bishop* (1979), 75 Ill. App. 3d 556, 394 N.E.2d 650; *Campbell v. Harrison* (1973), 16 Ill. App. 3d 570, 306 N.E.2d 643.) We believe both of these cases involved different factual situations than the present case but our holding today is consistent with those decisions.

In *A. Charles*, an order was entered striking defendants' counterclaim. Subsequently, judgment was entered against defendants assessing monetary damages and costs. Defendants appealed, and the reviewing court found that the initial order striking the counterclaim was subject to review because the subsequent judgment was final and appealable. The court found that under that factual situation, defendants were not required to inform the court of their intention to stand on the pleading.

Similarly, in *Campbell*, an order was entered striking plaintiff's complaint for failure to state a cause of action. Subsequently, an order was entered dismissing plaintiff's suit. Plaintiff appealed and the reviewing court found that, although plaintiff did not inform the trial court of her intention to stand on her complaint, she preserved her right to appeal by waiting until a final order was entered.

Unlike *A. Charles* and *Campbell*, plaintiff in this case did not wait until a final and appealable order was entered to file a notice of appeal. Plaintiff instead appealed from an order which was not final and appealable, and therefore, the appeal must be dismissed for lack of jurisdiction.

Additionally, should plaintiff inform the trial court of his intention to stand on this third-amended complaint and a final and appealable order is entered, if either party appeals from that order, the parties may move this court to consider the appeal on the existing

briefs and record as supplemented. See *First National Bank v. Lewis* (1987), 163 Ill. App. 3d 160, 516 N.E.2d 552.

Appeal dismissed.

MURRAY, P.J., and PINCHAM, J., concur.