J. ECK & SON, INC., Plaintiff-Appellant, v. THE REUBEN H. DONNELLEY CORPORATION, Defendant-Appellee.

First District (5th Division) No. 1—87—0759

Opinion filed September 15, 1989.

Robert Orman, of Chicago, for appellant.

Byron L. Gregory, Steven H. Hoeft, and Susan E. Cox, all of McDermott, Will & Emery, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from the dismissal of count II of its amended complaint for failure to state a cause of action. We address the issue of whether plaintiff has appealed from a final order and dismiss the appeal for lack of jurisdiction.

Count II of plaintiff's amended complaint attempted to state a cause of action against defendant for intentional interference with prospective economic advantage. Defendant moved to dismiss count II of plaintiff's amended complaint for failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615).

On November 5, 1984, the trial court entered an order striking count II of the amended complaint and granting plaintiff leave to amend. Plaintiff did not amend count II of its complaint.

Subsequently, on February 6, 1987, the trial court entered an agreed order stating the following:

> "IT IS HEREBY ORDERED THAT:
>
> 1. *Count I of the plaintiff's Amended Complaint is dismissed, without prejudice,* each party to pay its respective costs and fees; and
>
> 2. The counterplaintiff's counterclaim is dismissed, without prejudice, each party to pay its respective costs and fees.
>
> 3. If a notice of appeal is filed by the plaintiff within thirty (30) days of the entry of this order, then the time which elapses between the date of the filing of the original complaint and the final disposition of the appeal may not be used by the defendant in the event that any of the claims asserted in Count I of the Amended Complaint are re-filed by the plaintiff. If the claim asserted in Count I of the Amended Complaint is not re-

filed by the plaintiff within thirty (30) days after the return of the mandate by the Appellate Court to this court, then Count I will be dismissed with prejudice and cannot be re-filed.

4. If a notice of appeal is not filed by plaintiff within thirty (30) days after the entry of this order, then each count of the Amended Complaint shall be deemed dismissed with prejudice and the defendant may thereafter re-file its counterclaim at any time within one (1) year after the entry of this order. In that event, plaintiff may neither assert any of the matters set forth in any of Counts I through IV of the Amended Complaint as either a defense, set-off, recoupment or counterclaim to such claim, nor use as a basis for defense the time elapsed between the original filing of the counterclaim and the re-filing of the counterclaim. If a notice of appeal is timely filed by the plaintiff, then, upon final disposition of that appeal, defendant may re-file its counterclaim within one (1) year after the return of the mandate from the Appellate Court to this court and the plaintiff may not use as a basis for defense the time elapsed between the original filing of the counterclaim and the re-filing of the counterclaim." (Emphasis added.)

The order states it was entered pursuant to an "agreed motion of the parties" but the motion is not apparent in the record. A transcript of proceedings for this day was not included in the record on appeal.

Plaintiff filed a notice of appeal and stated that it appealed from orders entered February 6, 1987, November 5, 1984, and June 13, 1983. The record does not contain an order entered June 13, 1983.

OPINION

■ The appellate court must determine whether it has jurisdiction to consider an appeal even though the parties did not raise the issue. (*Ben Kozloff, Inc. v. Leahy* (1986), 149 Ill. App. 3d 504, 501 N.E.2d 238.) This court has jurisdiction over final judgments under Supreme Court Rule 301 (107 Ill. 2d R. 301). A final judgment is "a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 112, 435 N.E.2d 480, 482.) Where an order leaves the cause still pending and undecided, it is not a final order. *O'Hara v. State Farm Mutual Automobile Insurance Co.* (1985), 137 Ill. App. 3d 131, 484 N.E.2d 834.

■ In the present case, plaintiff seeks review of the November 5, 1984, order striking count II of its complaint and granting leave to amend. Rather than amend, plaintiff elected to stand on count II.

This order was not final and not subject to review until a subsequent final order was entered. (See *Ben Kozloff*, 149 Ill. App. 3d 504, 501 N.E.2d 238.) Plaintiff appealed from the agreed order entered February 3, 1987, dismissing without prejudice count I of the complaint, which was the only remaining count.

■ Generally, an order dismissing a complaint is not final and appealable unless it states that the dismissal is with prejudice. (*O'Hara*, 137 Ill. App. 3d 131, 484 N.E.2d 834; *Martin v. Marks* (1980), 80 Ill. App. 3d 915, 400 N.E.2d 711.) "With prejudice" language is not essential to render an order final and appealable; however, the language indicates that plaintiff will not be allowed to amend and the litigation is terminated. (*O'Hara*, 137 Ill. App. 3d 131, 484 N.E.2d 834.) On the other hand "without prejudice" language in a dismissal order "clearly manifests the intent of the court that the order not be considered final and appealable." *Flores*, 91 Ill. 2d at 114, 435 N.E.2d at 483.

■ In the present case, the February 3, 1987, order was not final because it dismissed count I of plaintiff's complaint without prejudice. As a result, plaintiff did not appeal from a final order and this appeal must be dismissed.

We note that the order, as drafted, was confusing and it made several references to whether plaintiff would file a notice of appeal from the order. These references indicate that the trial court believed it was entering a final order; however, the language indicating that a notice of appeal may be filed cannot render a nonfinal order final. (See *O'Hara*, 137 Ill. App. 3d 131, 484 N.E.2d 834.) To hold otherwise would erode the jurisdictional requirements of this court.

Additionally, if a final and appealable order is entered in the trial court and either party appeals, the parties may move this court to consider the appeal on the existing briefs and record as supplemented. See *First National Bank v. Lewis* (1987), 163 Ill. App. 3d 160, 516 N.E.2d 552.

Appeal dismissed.

MURRAY, P.J., and COCCIA, J., concur.