ROBERT A. BESNER AND COMPANY, Plaintiff-Appellant, v. LIT AMER-
ICA, INC., Defendant-Appellee.

First District (1st Division)   No. 1—89—3485

Opinion filed May 20, 1991.

Pope & John, Ltd., and Harvey B. Bass, Chartered, both of Chicago (Ludwig E. Kolman, Jeffrey M. Rubin, Mary K. Rochford, and Harvey B. Bass, of counsel), for appellant.

Fishman & Merrick, P.C., of Chicago (W. Scott Porterfield and Roxanne R. Joyce, of counsel), for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

This matter comes before this court as an interlocutory appeal pursuant to Supreme Court Rule 307 (107 Ill. 2d R. 307). The appellant, Robert A. Besner and Company (hereinafter RABCO), asserts that the trial court erred by denying its motion to stay arbitration pursuant to section 2(b) of the Illinois Uniform Arbitration Act (hereinafter Arbitration Act) (Ill. Rev. Stat. 1987, ch. 10, par. 102(b)). The

appellee, Lit America, Inc. (hereinafter LIT), raises a question as to the timeliness of RABCO's appeal before this court. During oral arguments we directed the parties to submit briefs regarding the question of whether we have jurisdiction to consider this appeal. Both parties thereafter submitted briefs in support of and in opposition to this court's jurisdiction. For the following reasons, we conclude that we are without jurisdiction to hear this appeal and accordingly dismiss the matter. Because of the unusual procedural posture of this case, however, it is necessary to summarily review the factual background.

The complaint asserts that on or before January 1982, Robert Besner (hereinafter Besner), an individual, nonclearing member of the Chicago Mercantile Exchange (hereinafter CME), who acted as a floor broker and solicited financial companies to use his services to execute trades, entered into an oral agreement with Shatkin Trading Company (hereinafter Shatkin), a clearing member of CME. Thereafter, Besner conducted business under the name of Shatkin Financial until February 20, 1986, at which time he formed RABCO. The complaint states that RABCO succeeded to all the rights and assumed all the debts of Shatkin, including Besner's rights under the 1982 oral agreement with Shatkin. As a result of a merger, LIT acquired Shatkin, became its successor corporation, and continued the business relationship with RABCO that previously had existed between the parties.

The complaint further states that in 1988 RABCO began negotiations with LIT and Gerald Commodities, Inc. (hereinafter Gerald), a competitor of LIT, for the sale of RABCO. The complaint charges that upon learning of the negotiations between RABCO and Gerald, LIT wrongfully interfered with RABCO's business, employees and clients in violation of fiduciary and legal duties it owed RABCO. RABCO's salesmen quit and commenced to work with LIT; consequently, LIT's actions forced RABCO out of business.

In its pleadings, LIT contends that because Besner incurred personal deficits in his trading account that were not satisfied upon demand, LIT notified the CME that it would no longer qualify Besner at which time the CME "posted" him or terminated his access to the trading floor. LIT then filed a claim for arbitration with the CME to resolve the dispute over the monies owed it by Besner. Thereafter, Besner filed an appeal with the CME alleging that the claims against him were not arbitrable, and in May 1989, RABCO filed the chancery action before the circuit court.

On June 28, 1989, LIT filed a motion and supporting memoranda pursuant to section 2(a) of the Arbitration Act (Ill. Rev. Stat. 1987, ch. 10, par. 102(a)), requesting that the trial court stay the chancery

court proceedings and compel the matter to arbitration at the CME. In its motion LIT asserted that the CME provided for arbitration of disputes between members of the CME. RABCO filed a memorandum in opposition to the motion. Following oral argument, on July 27, 1989, the circuit court granted LIT's motion to stay the court action and to compel arbitration, stating: "I am going to rule right now RABCO stands in Besner's shoes. He is subject to arbitration." The court referred the matter to the CME to determine whether RAB-CO's claims were arbitrable, specifically stating "the arbitrator's got to make a ruling as to whether he has jurisdiction of certain questions or not." The parties then appeared before a special committee of the board of governors of the CME and presented their respective arguments which resulted in the CME's issuance of a letter, finding that the matters alleged in the RABCO complaint fell within the ambit of the arbitration agreement.

RABCO then filed a motion to stay arbitration pursuant to section 2(b) of the Arbitration Act (Ill. Rev. Stat. 1987, ch. 10, par. 102(b)), on October 31, 1989, alleging that RABCO was not a member of the CME and had not agreed to arbitrate its claims at the CME. On November 30, 1989, the circuit court first stated that it agreed with LIT's contention that RABCO's motion to stay arbitration was an untimely motion to reconsider the court's July 27, 1989, order. The court further stated that in any event the issues raised by RABCO in its motion to stay arbitration had already been resolved by the court when it ruled on LIT's motion to compel arbitration.

On July 27, 1989, the trial court granted LIT's motion to compel arbitration to the CME pursuant to section 2(a) of the Arbitration Act. Section 2(a) provides:

> "On application of a party showing an agreement described in Section 1, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied." Ill. Rev. Stat. 1987, ch. 10, par. 102(a).

■ The law is well established that an order of the circuit court granting or denying a motion to compel arbitration and stay court proceedings or dismiss the lawsuit is an appealable order. (*Notaro v. Nor-Evan Corp.* (1983), 98 Ill. 2d 268, 456 N.E.2d 93; *School District No. 46 v. Del Bianco* (1966), 68 Ill. App. 2d 145, 215 N.E.2d 25.) Similarly, on the authority of Supreme Court Rule 307 (107 Ill. 2d R.

307(a)(1)), an order of the circuit court granting a motion to stay arbitration and commence or continue court proceedings is immediately appealable. (*Grane v. Grane* (1985), 130 Ill. App. 3d 332, 473 N.E.2d 1366.) Orders to compel or stay arbitration are considered as interlocutory orders because they are injunctive in nature. *Clark v. Country Mutual Insurance Co.* (1985), 131 Ill. App. 3d 633, 476 N.E.2d 4.

However, appeals from interlocutory orders are permitted only as specifically provided in the rules. (*Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 403 N.E.2d 704.) Supreme Court Rule 307, which governs interlocutory appeals as of right, provides in pertinent part:

> "An appeal may be taken to the Appellate Court from an interlocutory order of court:
>
> > (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction;
> > * * *
>
> *The appeal must be perfected within 30 days from the entry of the interlocutory order by filing a notice of appeal designated 'Notice of Interlocutory Appeal'* conforming substantially to the notice of appeal in other cases. The record must be filed in the Appellate Court within the same 30 days unless the time for filing the record is extended by the Appellate Court or any judge thereof." (Emphasis added.) 107 Ill. 2d R. 307(a)(1).

■ Upon review of the record here, we find that this appeal must be dismissed because RABCO failed to file its notice of interlocutory appeal within the 30-day period after the entry of the circuit court's order, compelling the matter to the CME for arbitration and staying the court action. Supreme Court Rule 307 specifically requires that the notice of interlocutory appeal be filed within 30 days after entry of the interlocutory order. The circuit court's interlocutory order that granted LIT's motion was entered on July 27, 1989. In accordance with Rule 307, therefore, RABCO had up to and including August 26, 1989, to file a notice of interlocutory appeal to this court. The record, however, shows that RABCO did not file its notice until October 31, 1989, 96 days after the entry of the July 27, 1989, order compelling the matter to arbitration.

RABCO asserts that the circuit court's order entered on November 30, 1989, that denied its motion to stay arbitration is the interlocutory order from which it properly filed its notice of interlocutory appeal, rather than the July 27 order. We disagree. First, such an argument presupposes that the motion to stay arbitration was proper under the circumstances, a conclusion for which we find no support in

the Arbitration Act. Second, RABCO's contention ignores the circuit court's finding that the motion to stay arbitration was no more than an untimely and improper motion to reconsider the court's July 27, 1989, ruling. Finally, we find inapposite to the present factual matrix the cases cited by RABCO in its brief in support of jurisdiction.

We find no support in the Arbitration Act for the conclusion that RABCO was authorized to bring a motion to compel arbitration before the circuit court after LIT had already brought a motion to stay arbitration and the court had ruled on the latter motion. Pursuant to section 2(a), party A, the party asserting the existence of an arbitration agreement, may petition the court to stay the court action and compel arbitration. If B, the opposing party, denies the existence of such an agreement, "the court shall proceed summarily to the determination of the issue so raised." Pursuant to section 2(b), party B, again the party who disputes the existence of an arbitration agreement between the parties, may petition the court to stay an arbitration proceeding commenced or threatened. The logical conclusion of section 2 is that either party or potential party to a purported arbitration agreement has an available remedy to petition the trial court for a determination as to the existence of an arbitration agreement and to seek a court ruling to compel or stay arbitration, or to stay court action pending arbitration. Our supreme court has determined that the preliminary question regarding the existence of an arbitration agreement between the parties is to be resolved by the court. *Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr* (1988), 124 Ill. 2d 435, 530 N.E.2d 439.

Furthermore, our review of the Arbitration Act has discovered nothing in section 2 that allows a party, A or B, to make more than one application for relief to the court with respect to the propriety of staying or compelling arbitration. To the contrary, the plain language of the statute provides for the filing of only one application which may be filed by either party seeking court relief to either compel or stay arbitration, respectively. Nothing in the Arbitration Act grants a party the right to a completely new application or hearing on a determination as to the existence of an arbitration agreement that was fully considered or could have been fully considered three months earlier.

Accordingly, we agree with the circuit court's implicit finding that RABCO's motion to stay was an improper motion. However, our holding is premised upon the basis that such motion was successive and repetitive and that the requested relief was not procedurally contemplated within the meaning of the Arbitration Act.

Additionally, we agree with the circuit court's ruling that RABCO's motion to stay was no more than an improper and untimely motion to reconsider the court's July 27 order. During the November 30 proceedings, the court stated:

> "THE COURT: I heard all the arguments on this, and I have read this case very keenly. I find this present motion to stay (RABCO's motion to stay arbitration) is no more than a motion to reconsider in its true nature. It is untimely filed. It's three months since I ruled the last time, and I find nothing in these pleadings to change my finding at that time when I said that, and I said I am going to rule."

■ The Illinois Supreme Court has held that the character of a pleading is to be determined more from its content than from its label. (*Kemner v. Monsanto Co.* (1986), 112 Ill. 2d 223, 229, 492 N.E.2d 327.) Here, RABCO's motion to stay arbitration merely readdressed the issues that either were raised during the July 27 hearing or could have been raised during the pendency of LIT's motion to compel arbitration. As such, we find that the motion to stay was no more than a motion directed against an interlocutory order. In *Trophytime, Inc. v. Graham* (1979), 73 Ill. App. 3d 335, 391 N.E.2d 1074, this court held that "[a] motion directed against an *interlocutory* order will not toll the running of the 30-day deadline for the filing of the notice of appeal." (Emphasis in original.) *Trophytime*, 73 Ill. App. 3d at 335.

■ In *Trophytime*, the appellant brought an interlocutory appeal pursuant to Rule 307 from the denial of an injunction. A motion to vacate the trial court's order was filed within 30 days and denied more than 30 days after original entry. The appellant argued that the motion to vacate filed within 30 days of the denial of the original motion extended the time for filing the notice of appeal. The court rejected this argument, stating:

> "The grant or denial of the extraordinary relief of an injunction ordinarily has a substantial impact upon one of the parties. Rule 307 is an exception to the final judgment rule and allows a party to take an appeal from such interlocutory orders. We are aware of no authority, however, which would allow a motion (filed subsequent to the entry of an interlocutory order) to postpone the time in which to file a timely notice of appeal."
> (*Trophytime*, 73 Ill. App. 3d at 336-37.)

The *Trophytime* rule has been followed in numerous cases, including: *Barnes v. Southern Ry. Co.* (1987), 116 Ill. 2d 236, 507 N.E.2d 494; *Baird & Warner, Inc. v. Gary-Wheaton Bank* (1984), 122 Ill. App. 3d 136, 460 N.E.2d 840; and *Lake Shore Oil Co. v. Sovereign Oil Co.*

(1981), 98 Ill. App. 3d 553, 424 N.E.2d 856. Here, RABCO's motion to stay was no more than a dressed-up motion to reconsider, and thus, its notice of interlocutory appeal from the court's denial of such motion was meaningless. Because the 30-day filing requirement was not tolled by RABCO's motion to reconsider, the interlocutory appeal was untimely. If an order is entered which is immediately appealable under Rule 307, then an appeal must be taken or the right to challenge the ruling will be lost. (*Baird & Warner*, 122 Ill. App. 3d 136, 460 N.E.2d 840.) This is true even if the later appeal is an appeal of a subsequent interlocutory order under Rule 307; such an appeal will not bring up the prior order. *Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 405 N.E.2d 1316.

Because of our finding regarding the proper interpretation of the Arbitration Act, we need not address RABCO's contention that its motion to stay arbitration was an independent motion within the meaning of section 2(b). However, we will make brief comments about the cases cited by RABCO. Assuming the propriety of the motion to stay, we nevertheless would find the cases cited by RABCO in support of the proposition that the denial of a motion to dissolve an injunction is itself an appealable order as of right, even if no appeal was taken from the original injunctive order to be inapposite of the situation here. In *Stoller v. Village of Northbrook* (1987), 162 Ill. App. 3d 1001, 516 N.E.2d 355, and *Wise v. City of Chicago* (1962), 36 Ill. App. 2d 196, 183 N.E.2d 538, the parties were appealing not from the original interlocutory order of court "granting, modifying, refusing, (or) dissolving *** an injunction," rather, they were appealing from the interlocutory order of court "refusing to dissolve or modify an injunction." (107 Ill. 2d R. 307(a)(1).) The law is clear that such an interlocutory appeal is allowed, and furthermore, section 11–108 of the Civil Practice Law permits the filing of a motion to dissolve an injunction at any time before or after an answer is filed. Ill. Rev. Stat. 1987, ch. 110, par. 11–108.

■ However, the Arbitration Act makes no such allowance to dissolve or extinguish the order of the trial court that compels or stays the arbitration proceedings. To the contrary, section 12 of the Arbitration Act permits a party to apply for the vacation of an award based upon several considerations, specifically, the allegation "[t]here was no arbitration agreement [where] the issue was not adversely determined in proceedings under Section 2." (Ill. Rev. Stat. 1987, ch. 10, par. 112(a)(5).) We agree with LIT's argument that a motion for dissolution of an injunction, as compared to the initial order granting injunctive relief, differs significantly from the interrelationship between a mo-

tion to stay or compel arbitration. A motion for dissolution of an injunction requires the court to engage in a specific analysis; particularly, the court reviews new facts or changed conditions to determine whether the injunction should stand. (See *Field v. Field* (1967), 79 Ill. App. 2d 355, 223 N.E.2d 551.) Accordingly, we conclude that RABCO is precluded from having the order compelling arbitration reviewed as an interlocutory appeal under the guise of an appeal from the denial of its motion to stay arbitration. See *Baird & Warner*, 122 Ill. App. 3d 136, 460 N.E.2d 840.

For the foregoing reasons, the interlocutory appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

BUCKLEY and O'CONNOR, JJ., concur.