BRENDA MAYHEW, Plaintiff-Appellant, v. SEABOARD SYSTEM RAILROAD, Defendant-Appellee.

Fifth District   No. 5—85—0024

Opinion filed September 18, 1985.

William W. Schooley and William W. Schooley III, both of Law Offices of William W. Schooley, of Granite City, for appellant.

John B. Gunn, James C. Cook, and Robert R. Coates, all of Walker & Williams P.C., of Belleville, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Brenda Mayhew, appeals from the judgment of the circuit court of St. Clair County granting defendant's motion to decline jurisdiction of plaintiff's action brought under the Federal Employers' Liability Act (45 U.S.C. sec. 51 *et seq.* (1982)) on the grounds of *forum non conveniens.*

On October 26, 1983, plaintiff filed her action against the Seaboard System Railroad, Inc., in the circuit court of Madison County because of injuries received while in the employ of defendant near Gallatin, Tennessee, on September 2, 1983. In a lengthy order filed December 4, 1984, the trial court allowed defendant's motion to decline jurisdiction. The order entered stated: "In exercising its discretion in this case, this court finds that the instant action, as well as the parties and witnesses, are so far removed from St. Clair County, Illinois, as to make plaintiff's choice of this forum inconvenient. Accordingly, the motion to decline jurisdiction under the doctrine of *forum non conveniens* must be allowed." On appeal plaintiff contends that the trial court abused its discretion in declining jurisdiction because defendant delayed filing its motion for nearly 10 months after service of summons and knowledge of plaintiff's action.

Summons was served on defendant on November 1, 1983, and it filed its answer on November 3, together with a motion for disclosure of expert witnesses, 53 interrogatories and a request to produce which plaintiff answered and complied with on November 28.

On November 29, 1983, defendant filed its motion to transfer the cause from the circuit court of Madison County because defendant did not have a registered office or conduct any business in Madison County. In this motion, the defendant suggested that the cause be transferred to St. Clair County where defendant did conduct business (see *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 368

N.E.2d 88), and the cause was subsequently transferred to St. Clair County on September 21, 1984, after the motion was called for hearing by defendant on August 22, 1984.

On August 22, 1984, the defendant also filed in the circuit court of Madison County its motion to decline jurisdiction on *forum non conveniens* stating generally the place of the occurrence, the residence of plaintiff at Smyrna, Tennessee, near Nashville, Tennessee, and the residence of the occurrence and expert witnesses in the Nashville, Tennessee, area. This motion was transferred along with the pending action on September 21, 1984.

On appeal, plaintiff does not contend that the cause has any connection with the State of Illinois, except the residence of plaintiff's attorneys and the place where plaintiff chose to file her action. It is plaintiff's contention that because of the 10-month delay in filing the *forum* motion, while in the meantime conducting discovery and requesting that the cause be transferred to St. Clair County, it would be unfair to require plaintiff to refile her action in another jurisdiction after the lapse of so much time; moreover, to decline jurisdiction after utilizing the courts of Illinois would be a waste of judicial resources and would not promote the sensible and effective administration of the judicial system.

In *Herbert v. Louisville & Nashville R.R. Co.* (1985), 130 Ill. App. 3d 624, 474 N.E.2d 848, relied on by plaintiff, we held that it was not an abuse of discretion for the trial court to deny to decline jurisdiction for *forum non conveniens*, under circumstances similar to those present here, where the defendant railroad had waited for almost 16 months after the action was filed before asking the trial court to decline jurisdiction.

In *Herbert*, we discussed those matters argued here by plaintiff. We noted that the railroad knew from the complaint filed the place of the occurrence and knew, or was charged with knowledge, with the residence of its employee. We stated that the motion to decline jurisdiction should be filed at the earliest opportunity, which would normally suggest the first appearance date. We would again state that we do not understand why a defendant would wait 10 months before filing its *forum* motion when it must have been immediately apparent that the occurrence had no connection with any Illinois county. If *Herbert* were the final expression of the current Illinois law on the subject, we would be inclined to hold that it was an abuse of discretion for the trial court to allow the motion.

Subsequent to our decision in *Herbert*, however, the supreme court decided *Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill.

2d 135, 478 N.E.2d 384. There the court considered the denial of *forum* motions in two consolidated cases involving time delays of approximately 39 and 32 months between the filing of the complaints and the motions to decline jurisdiction. As here, neither the plaintiffs nor the occurrence had any substantial connection with any Illinois county.

The court stated the issue to be whether the delay in asking the trial court to decline jurisdiction resulted in a waiver of the defendant's right to object to the chosen forum. Observing that the court had relied on the factors enumerated in *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839, when considering a *forum non conveniens* motion, the court viewed delay in filing the motion as just another factor to be considered with the other factors enumerated in *Gulf Oil* when considering whether the motion should be allowed or denied. The court concluded that delay did not effect a waiver but was just another factor to be considered by the trial court in exercising its discretion in allowing or denying the motion. The matter, of course, is one for the exercise of discretion by the trial court, and its decision will not be disturbed absent an abuse of discretion. *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 466 N.E.2d 198; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 383 N.E.2d 977.

In *Bell*, the court reasoned that some discovery must be had before the defendant can know whether the motion is appropriate. A recent decision of the appellate court is in accord. (*Walker v. Iowa Marine Repair Corp.* (1985), 132 Ill. App. 3d 621, 477 N.E.2d 1335.) Considering that the delay here was much shorter than those delays in *Bell* and that no other factor besides delay favors the St. Clair County forum, we must conclude that it was not an abuse of discretion under the reasoning of *Bell* for the trial court to allow the motion to decline jurisdiction on the grounds of *forum non conveniens*.

The judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

KASSERMAN and WELCH, JJ., concur.