COLETTE A. BUCKLAND, Plaintiff-Appellant, v. PAUL LAZAR, M.D., S.C., Defendant-Appellee.

First District (1st Division) No. 84—2057

Opinion filed June 30, 1986.

James K. Toohey and David C. Bohrer, both of Ross & Hardies, of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Mark C. Fedota and Dorthy A. Denniston, of counsel), for appellee.

PRESIDING JUSTICE QUINLAN delivered the opinion of the court:

In this case, we have granted plaintiff leave to appeal pursuant to Supreme Court Rule 306(a)(1)(ii) (94 Ill. 2d R. 306(a)(1)(ii)), from the order of the circuit court of Cook County which granted defendant's motion to transfer this case from Cook County to Lake County on the basis of intrastate *forum non conveniens.*

Colette Buckland filed suit in the circuit court of Cook County on October 6, 1983, naming Paul Lazar, M.D., S.C., as the sole defendant. The complaint alleges that Dr. Lazar rendered negligent medical

care to the plaintiff causing her damage. On February 24, 1984, Dr. Lazar filed a motion to transfer jurisdiction on the grounds of *forum non conveniens*, which was granted by the trial court on April 27, 1984. On June 18, 1984, Colette Buckland filed a motion for reconsideration, which was denied on July 25, 1984. On August 23, 1984, Ms. Buckland filed her petition for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(ii) which, as stated above, this court granted.

Dr. Lazar is a physician licensed to practice in Illinois. He maintains offices in both Cook and Lake counties, and holds a teaching position at Northwestern University Medical School in Chicago. It is undisputed that all treatment rendered by Dr. Lazar to the plaintiff was rendered in Lake County, and that the plaintiff's medical records and all subsequent treatment were received by the plaintiff in Lake County. Both Dr. Lazar and Ms. Buckland have resided in Lake County at all times material to this lawsuit and presently continue to reside there.

■ Before we consider the merits of Ms. Buckland's argument that the trial court abused its discretion in granting defendant's motion to transfer, we must first determine whether this court has jurisdiction to hear the appeal. (*People v. Biederman* (1981), 100 Ill. App. 3d 558, 559, 426 N.E.2d 1225.) Upon review of the record here, we find that this appeal must be dismissed because Ms. Buckland failed to file her petition for leave to appeal within 30 days after the entry of the trial court's order granting defendant's motion to transfer this case to Lake County. Supreme Court Rule 306 is specific in its requirement that, in order to vest the appellate court with jurisdiction, the petition for leave to appeal must be filed within 30 days after entry of the trial court's order or within such extension of time as may be granted by the reviewing court. The order granting defendant's motion was entered on April 27, 1984. In accordance with Supreme Court Rule 306, therefore, Ms. Buckland had up to and including May 28, 1984, to file a petition for leave to appeal to this court. The record reveals, however, that Ms. Buckland did not file her petition for leave to appeal until August 3, 1984, 118 days after the entry of the order transferring this case to Lake County. She further never petitioned this court for an extension of time. Hence, we are without jurisdiction to hear this appeal.

However, it is Ms. Buckland's contention that the July 25, 1984, order represents the trial court's final determination that the defendant be allowed to transfer this case to Lake County on the basis of intrastate *forum non conveniens*. She disputes the applicability of the rule set forth in *Trophytime, Inc. v. Graham* (1979), 73 Ill. App. 3d

335, 391 N.E.2d 1074, that "[a] motion directed against an *interlocutory* order will not toll the running of the 30-day deadline for the filing of [a motion to] appeal." (Emphasis in original.) Rather, Ms. Buckland maintains that the *Trophytime* rule is applicable solely to interlocutory orders that fall within Supreme Court Rules 307 and 308 (87 Ill. 2d Rules 307, 308). She appears to argue here that she did file a motion to reconsider which tolled the 30-day time period for filing an appeal, and therefore, the operative order from which any appeal could be taken in this case is the July 25, 1984, order denying her motion for reconsideration.

We disagree with Ms. Buckland's argument and find that, in any event, *Trophytime* is not actually pertinent to the disposition of this appeal because it is clear from the record that no motion at all was filed by the plaintiff within the 30-day time period following the entry of the April 27, 1984, order which could even arguably be claimed to have tolled the 30-day filing period. The only step taken by Ms. Buckland concerning the April 27, 1984, order occurred on May 15, 1984, when her attorney reserved a date with the trial judge for presentation of an asserted "motion for rehearing." It is undisputed that no motion or notice of motion was ever filed on May 15, 1984. Ms. Buckland merely obtained a hearing date for the presentation of a motion on July 24, 1984. She did not file her motion for reconsideration until July 18, 1984, 21 days after the expiration of the 30-day period for filing a petition for leave to appeal as required under Rule 306.

We further note that, even if Ms. Buckland had filed her motion for reconsideration within the 30-day time period, she was still required to file her petition for leave to appeal within 30 days of the April 27, 1984, order. It is clear, contrary to Ms. Buckland's contention, that orders granting or denying a motion to transfer a case based on intrastate *forum non conveniens* are interlocutory in nature, and the law is well settled in Illinois that a motion filed subsequent to the entry of an interlocutory order will not postpone the time in which to file a timely notice of appeal. (See *Barnes v. Southern Ry. Co.* (1986), 141 Ill. App. 3d 121, 122, 490 N.E.2d 249; *Leet v. Louisville & Nashville R.R. Co.* (1985), 131 Ill. App. 3d 763, 764, 475 N.E.2d 1340; *Baird & Warner, Inc. v. Gary-Wheaton Bank* (1984), 122 Ill. App. 3d 136, 138, 460 N.E.2d 840; *Lake Shore Oil Co. v. Sovereign Oil Co.* (1981), 98 Ill. App. 3d 553, 555, 424 N.E.2d 856.) Therefore, the time limitation for seeking leave to appeal from the granting or denying of *forum non conveniens* motions is governed exclusively by the requirements of Supreme Court Rule 306. This time limitation for filing a petition for leave to appeal, as set forth in Rule

306, fosters expediency in disposing of appeals from interlocutory orders by requiring litigants to perfect an appeal within 30 days from the entry of the order. As a result of the 30-day time limitation, a final determination on the merits of the case itself may be obtained more quickly and with more certainty.

The case before us is very similar to *Leet v. Louisville & Nashville R.R. Co.* (1985), 131 Ill. App. 3d 763, 475 N.E.2d 1340. In *Leet*, the defendant brought a motion in the trial court seeking a transfer on the grounds of *forum non conveniens* which the trial court denied on July 18, 1983. On May 5, 1984, the defendant filed its motion for reconsideration, and that motion was denied on May 23, 1984. The defendant then filed its petition for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(ii) on June 22, 1984, nearly nine months after the trial court's denial of defendant's *forum non conveniens* motion. The appellate court dismissed the defendant's appeal because his petition for leave to appeal was not filed within the 30-day period following the entry of the July 18, 1983, order denying transfer of the case. There the *Leet* court additionally observed that the rule set forth in *Trophytime* applied to Rule 306 orders as well, and that there was no provision for extending the time for filing a petition for leave to appeal other than by permission of the reviewing court under Rule 306. Most recently in *Barnes v. Southern Ry. Co.* (1986), 141 Ill. App. 3d 121, 490 N.E.2d 249, the Fifth District applied its earlier ruling in *Leet*, and held that although the motion for reconsideration there had been filed within 30 days of the order denying the motion based on *forum non conveniens*, the defendant, nevertheless, was required to file his petition for leave to appeal within 30 days of the original order denying the motion.

The Illinois Supreme Court also recently sought to further the goal of providing for the more expeditious disposition of *forum non conveniens* motions through its adoption of Rule 187, which provides that a *forum non conveniens* motion must be filed by a party "not later than 90 days after the last day allowed for the filing of that party's answer." (109 Ill. 2d R. 187.) Rule 187 was adopted by the supreme court in conjunction with its holding in *Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 478 N.E.2d 384, that had condemned the filing of a motion based on *forum non conveniens* grounds at a stage late in the litigation. (See 109 Ill. 2d R. 187, Committee Comments.) The court in *Bell* recognized that an undue delay in the filing of a motion to dismiss on *forum non conveniens* grounds causes undue delay in obtaining a final disposition of a case, and therefore, *forum* motions should be decided early in the proceedings.

Similarly, an undue delay in the filing of a petition for leave to appeal following the trial court's ruling on a *forum non conveniens* motion also impedes the timely disposition of litigation. Thus, the 30-day time limitation serves to facilitate the expeditious handling of interlocutory appeals and furthers the policy of avoiding unnecessary delays in obtaining the prompt and complete disposition of litigation. Accordingly, we believe that this 30-day time limitation should be strictly enforced.

Following oral argument, Ms. Buckland asked and was given leave to cite the recent Illinois Supreme Court opinion of *Kemner v. Monsanto* (1986), 112 Ill. 2d 223. In *Kemner*, the defendant, over a three-year period, filed two motions to transfer based on *forum non conveniens* grounds. Following the denial of its second *forum* motion on April 29, 1983, defendant filed a timely petition for leave to appeal pursuant to Supreme Court Rule 306, which was also denied. Thereafter, on September 28, 1984, defendant filed a motion to reconsider the April 29, 1983, order. In its motion, the defendant alleged the existence of additional information which was not available at the time its second motion to dismiss was filed. The motion listed the names of over 100 physicians from whom medical records had been obtained, and the names of over 40 Missouri residents with knowledge concerning plaintiffs' allegations who had been deposed. On December 13, 1984, the trial court denied defendant's motion to reconsider the April 29, 1983, order. On January 14, 1985, the defendant filed its petition for leave to appeal from the circuit court's December 13, 1984, order. The appellate court dismissed the appeal on the grounds that it lacked jurisdiction. The court had concluded that the April 29, 1983, order, rather than the December 13, 1984, order, was the operative order for purposes of appeal. In reversing the appellate court, the supreme court held that because a circuit court ruling had been obtained and a timely appeal was filed by the defendant as to each motion, and because the defendant alleged new matter in its September 28, 1984, motion for reconsideration, each motion filed by the defendant was in effect a new motion to decline jurisdiction based on *forum non conveniens*.

*Kemner* is clearly distinguishable from the case presently before this court. Here the defendant's *forum* motion had been granted rather than denied, and the plaintiff, as the aggrieved party, was merely asking the trial court to reconsider its earlier ruling. Moreover, the plaintiff never contended that this motion was a new motion based on the existence of additional material facts not presented at the time she filed her first motion to dismiss. While she did assert

that her motive in seeking a rehearing was the discovery of an expert consultant located in Cook County who she claimed would be assisting her for purposes of trial, it is well settled that the intent to employ an expert witness located in a desired forum should be given little, if any, consideration in determining convenience. *DeVries v. Bankers Life Co.* (1984), 128 Ill. App. 3d 647, 652-53, 471 N.E.2d 230.) Additionally, it was, in fact, her position that this motion was to be considered as part of the resolution of the first motion. Thus, we do not find that defendant's motion for reconsideration can be considered a new, independent *forum non conveniens* motion here.

We further note in passing, and as a guide in further proceedings, that under the circumstances presented by the record here, it does not appear that the trial court abused its discretion in granting the defendant's motion to transfer. (See *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 444 N.E.2d 157; *Mayhew v. Seaboard System R.R.* (1985), 137 Ill. App. 3d 80, 484 N.E.2d 388.) It has long been the rule in Illinois that a case should not be tried in a forum that has no significant factual connection to the cause of action. (*Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 383, 466 N.E.2d 198.) Here, all the significant factual connections are to Lake County: the plaintiff and defendant live in Lake County; all medical records are located in Lake County; and at no time during the course of plaintiff's medical treatment did the plaintiff have any contact with the defendant in Cook County.

In support of her argument, the plaintiff has cited *Snook v. Lake Forest Hospital* (1985), 133 Ill. App. 3d 998, 479 N.E.2d 994, where this court affirmed a trial court's denial of a defendant's motion to transfer from Cook County to Lake County. Unlike the situation presented here, however, the plaintiff in *Snook* received treatment for his injuries in Cook County; many of the witnesses resided or worked in Cook County; and many of the medical records and reports were located in Cook County. Furthermore, although the plaintiff resided in Lake County when the action was brought, he had moved to Cook County during the pendency of the litigation.

It is well settled in Illinois that the decision of whether to grant or deny a motion to dismiss under the doctrine of *forum non conveniens* is within the sound discretion of the trial court and cannot be reversed on appeal unless there is a clear abuse of discretion. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601.) As stated above, there was no clear abuse of discretion by the trial court in the present case.

For the foregoing reasons, we find that since the plaintiff did not comply with the requirements of Supreme Court Rule 306 in taking this appeal, this court lacks jurisdiction to review this matter, and this appeal is hereby dismissed.

Appeal dismissed.

CAMPBELL and BUCKLEY, JJ., concur.