OLLIE E. ODOM, An Incompetent by her Guardian, William Odom, *et al.*, Plaintiffs-Respondents, v. JOHN N. BOWMAN, Defendant-Petitioner.

Fifth District   No. 5—86—0576

Opinion filed July 22, 1987.—Rehearing denied September 8, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Ann Plunkett Sheldon, Assistant Attorney General, of Chicago, of counsel), for appellant.

Victor J. Mosele, of Pratt & Callis, P.C., of East Alton, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

In this case we granted defendant, John Bowman, leave to appeal pursuant to Supreme Court Rule 306(a)(1)(i) (107 Ill. 2d R. 306(a)(1)(i)) from an order of the circuit court of Madison County granting plaintiffs, Ollie and William Odom, a new trial. For the reasons which follow, we have now determined that defendant's appeal is untimely and that we are without jurisdiction to consider it. The appeal shall therefore be dismissed.

The record shows that plaintiff Ollie Odom suffered serious and permanent injuries when her pickup truck collided with a vehicle driven by defendant, an Illinois State Trooper. Ollie and her husband, William, filed an action against defendant in the circuit court of Madison County alleging, *inter alia*, that defendant had negligently operated his vehicle at an excessive rate of speed, thereby causing the accident. Count I of their complaint, as amended, sought recovery on behalf of Ollie for her injuries and all attendant medical expenses. Count II, brought on behalf of William, prayed for recovery for his wife's medical bills for which he would be liable and for his loss of consortium.

In a related proceeding, Ollie was found to be a disabled person, and William was appointed guardian of her estate and person. Thereafter, defendant offered to settle plaintiffs' claims against him, but when no agreement could be reached, the case proceeded to trial before a jury. On October 25, 1985, the jury arrived at its verdict, finding in favor of defendant and against plaintiffs. Plaintiffs filed their post-trial motion approximately five days later. They then obtained new counsel, who was granted leave to submit a supplemental post-trial motion. The supplemental motion was filed on January 23, 1986. In that motion plaintiffs asserted that the trial court erred in refusing to permit them to call a reconstruction expert, who would have testi-

fied as to the speed of defendant's vehicle at the time of the collision; that the court should have *sua sponte* appointed someone other than William Odom to act as Ollie's guardian; and that defendant should not have been permitted to appear before the jury wearing his State Trooper uniform and carrying a gun or to go into the court's chambers with the attorneys.

Plaintiffs' post-trial motion was granted by order of the trial court on March 27, 1986. The jury's verdict was set aside, and the court ordered that a new trial be held. The court did not, however, give any reasons for its decision. Motions for reconsideration were then filed by both plaintiffs and the defendant asking that the court specify the basis for its ruling. Defendant's motion for reconsideration also requested that the jury's verdict be reinstated.

The original trial judge resigned from the bench, and a new judge was assigned to the case. On August 5, 1986, the replacement judge affirmed his predecessor's order granting a new trial on the grounds that plaintiffs' reconstruction expert should have been allowed to testify and that the trial court should have had someone other than William serve as Ollie's guardian, at least when "the Court became aware that settlement negotiations had commenced." Defendant then petitioned this court for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(i) (107 Ill. 2d R. 306(a)(1)(i)). The petition was granted, and the merits of the appeal have now been briefed and argued by the parties.

Although plaintiffs have not questioned the propriety of this court's jurisdiction, "[i]t is our duty to determine whether appellate jurisdiction has been properly invoked even though the parties have not raised the issue for our consideration." *In re Marriage of Lawrence* (1986), 146 Ill. App. 3d 307, 309, 496 N.E.2d 539, 540.

Supreme Court Rule 306 (107 Ill. 2d R. 306), as one court has recently noted,

> "is specific in its requirement that, in order to vest the appellate court with jurisdiction, the petition for leave to appeal must be filed within 30 days after entry of the trial court's order or within such extension of time as may be granted by the reviewing court." *Buckland v. Lazar* (1986), 145 Ill. App. 3d 436, 437, 495 N.E.2d 1254, 1256.

The petition here did not meet this requirement. The record makes clear that defendant filed nothing with this court, not even a request for an extension of time, until August 27, 1986, five months after the trial court first granted plaintiffs' post-trial motion on March 27, 1986, and ordered a new trial. Although the parties' mo-

tions for reconsideration were submitted to the trial court within the required 30-day period, the law is now settled that a motion for reconsideration directed against an interlocutory order will not toll the running of the 30-day deadline for the filing of the appeal under Supreme Court Rule 306(a)(1) (107 Ill. 2d R. 306(a)(1)). 145 Ill. App. 3d 436, 438, 495 N.E.2d 1254, 1256; see *Barnes v. Southern Ry. Co.* (1987), 116 Ill. 2d 236, 241, 507 N.E.2d 494, 497.

Defendant was, in short, obligated to file his petition for leave to appeal within 30 days of March 27, 1986; he should not have delayed until after the trial court's disposition of the motions for reconsideration the following August. Because of this delay, we have no jurisdiction to hear the case, and defendant's appeal must be dismissed. (See 116 Ill. 2d 236, 241, 507 N.E.2d 494, 497.) That plaintiffs may have acquiesced in the delay is of no consequence. The conduct of a party cannot operate to bestow jurisdiction upon a court to act on a case where such jurisdiction does not otherwise exist. See *Volkmar v. State Farm Mutual Automobile Insurance Co.* (1982), 104 Ill. App. 3d 149, 151, 432 N.E.2d 1142, 1151.

For the foregoing reasons, defendant's appeal is dismissed.

Appeal dismissed.

KASSERMAN and WELCH, JJ., concur.