BANK OF ALTON, Special Adm'r of the Estate of Ollie Odom, Deceased, Plaintiff, v. JOHN H. BOWMAN, Defendant (Storment and Read, P.C., Petitioner-Appellant; Paul L. Pratt, P.C., Respondent-Appellee).

Fifth District   No. 5—89—0179

Opinion filed May 8, 1990.

Storment & Read, P.C., of Belleville, for appellant.

Pratt & Callis, P.C., of Granite City, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The law firm of Storment and Read, P.C., appeals from an order of the circuit court of Madison County which denied its petition for attorney fees. For the reasons which follow, we affirm.

This litigation arose out of an accident in which Ollie Odom suffered serious and permanent injuries when her pickup truck collided with a vehicle driven by defendant, John Bowman, who was an Illinois State Trooper. Ollie and her husband, William, filed an action against defendant in the circuit court of Madison County alleging, *inter alia,* that defendant had negligently operated his vehicle at an excessive rate of speed, thereby causing the accident. Count I of their com-

plaint, as amended, sought recovery on behalf of Ollie for her injuries and all attendant medical expenses. Count II, brought on behalf of William, prayed for recovery for the medical bills incurred by his wife for which he would be liable and for his loss of consortium.

The Odoms originally retained a lawyer named David Virgin to represent them. P. Michael Read of the law firm of Storment and Read, P.C.; then became associated with the case. A substantial settlement offer was obtained from the defendant. That offer was not accepted, however, and the case proceeded to trial before a jury. Both Virgin and Read represented the Odoms in that trial.

The trial came to a conclusion on October 25, 1985, when the jury returned a verdict in favor of defendant and against the Odoms. Attorney Read filed a post-trial motion on behalf of the Odoms approximately five days later. Thereafter, the Odoms terminated Read as their attorney and hired as replacement counsel the law firm of Pratt & Callis, P.C. Pratt & Callis then filed a supplemental post-trial motion on January 23, 1986. That motion was granted by order of the circuit court on March 27, 1986, and a new trial was ordered. Following motions for reconsideration, the order granting a new trial was affirmed. Defendant, Bowman, attempted to bring an appeal from the new trial order, but this court dismissed that appeal in an opinion filed in 1987. *Odom v. Bowman* (1987), 159 Ill. App. 3d 568, 511 N.E.2d 1265.

At some point, Ollie Odom died, and on retrial, the case proceeded as a wrongful death action. Pratt & Callis had considerably more success at the second trial than Storment and Read had had at the first. At the second trial, the jury returned a verdict against the defendant which, when reduced by Ollie Odom's comparative negligence, resulted in a net award of $105,600.

After this successful retrial of the case by Pratt & Callis, Storment and Read filed a petition requesting that plaintiffs be required to pay the law firm its reasonable attorney fees and the costs it had expended in the case. Storment and Read's fee request totaled $11,680, which included 108½ hours of preparation work for the first trial at $80 per hour, plus $1,000 a day for each of the three days that trial lasted. The firm's cost bill totaled $4,014.66.

Following a hearing, the circuit court entered an order awarding Storment and Read $4,014.66 to "be paid from the proceeds of the lawsuit," in order to reimburse the firm for its costs. At the same time, the court denied in its entirety the law firm's request for attorney fees. It is from that portion of the circuit court's order that Storment and Read now appeals.

■ On this appeal, Storment and Read claims that it should have been awarded compensation for the professional services it rendered on behalf of the Odoms in connection with the first trial based on *quantum meruit*. We disagree. The term *quantum meruit* literally means "as much as he deserves." *(Van C. Argiris & Co. v. FMC Corp.* (1986), 144 Ill. App. 3d 750, 753, 494 N.E.2d 723, 725.) It is a term that describes a recovery which is based on the reasonable value of services that have been performed. The theory of recovery in *quantum meruit* is that a party has received a benefit which would be unjust for him to retain without paying for it. Therefore, in order to recover in *quantum meruit*, it is essential that the services performed by the claimant must be of some measurable benefit to the person from whom recovery is sought. 144 Ill. App. 3d at 753, 494 N.E.2d at 725-26.

■ In actions to recover compensation for legal services, the burden of proof rests on the attorney to establish his case. *(In re Estate of Healy* (1985), 137 Ill. App. 3d 406, 409, 484 N.E.2d 890, 893.) In this case, however, Storment and Read has failed to prove that the services it provided were of any measurable benefit to the Odoms. The only evidence adduced by the law firm in support of its claim for fees consisted of: (1) an itemized list of the time spent on the case by the firm, with a brief description of the services performed; and (2) oral testimony by attorney Read, the lawyer who had handled the case for the firm. In his testimony, Read described his involvement in the case, explained how the time list had been prepared, and discussed the rates at which the firm was seeking compensation. No effort was made, however, to show how, if at all, the work performed by Storment and Read advanced the Odom's claim.

■ When Storment and Read appeared as counsel for plaintiffs, plaintiffs lost. Plaintiffs obtained no relief until Pratt & Callis took over the case. It is certainly possible, of course, that some of the work done by Storment and Read was ultimately utilized by Pratt & Callis in their successful retrial of the case. Had this been established, had Storment and Read proved that its work contributed to the verdict finally won by plaintiffs, Storment and Read could legitimately have claimed that its services were of some measurable benefit, thus entitling it to compensation based on *quantum meruit*. But the firm made no such showing. Even in its brief on appeal, Storment and Read makes no attempt to explain how the work it did helped Pratt & Callis win the case.

Because Storment and Read failed to meet its burden of establishing its entitlement to compensation (see *In re Estate of Healy* (1985),

137 Ill. App. 3d 406, 409, 484 N.E.2d 890, 893), the circuit court was correct in denying its petition for attorney fees. The February 22, 1989, order of the circuit court of Madison County denying Storment and Read's claim for attorney fees is therefore affirmed.

Affirmed.

LEWIS, P.J., and GOLDENHERSH, J., concur.