UCHUMI SUPERMARKETS LTD., *et al.*, for Themselves and a Class of Persons Similarly Situated, *et al.*, Plaintiffs-Appellants, v. DINERS CLUB INTERNATIONAL, LTD., Defendant-Appellee.

First District (4th Division)   No. 1—98—4839

Opinion filed December 16, 1999.

Connelly & Schroeder, of Chicago (Michael P. Connelly and Colleen Konicek, of counsel), for appellants.

Mayer, Brown & Platt (Javier H. Rubinstein and Kyle F. Waldinger, of counsel), and Cora G. Yang, of Diners Club International, Ltd., both of Chicago, for appellee.

JUSTICE HOURIHANE delivered the opinion of the court:

This is an appeal from an order denying plaintiffs' petition, pursuant to Supreme Court Rule 187 (134 Ill. 2d R. 187), to reinstate their case, which had been dismissed by the circuit court on *forum non conveniens* grounds. On appeal, plaintiffs argue that the other forum's refusal to allow the case to proceed as a representative, *i.e.*, class, action constitutes a refusal to accept jurisdiction over the action for purposes of Rule 187. For the reasons that follow, we affirm the denial of their petition to reinstate.

## BACKGROUND

On May 24, 1995, plaintiffs filed a nine-count "class action complaint" against Diners Club International, Ltd. (DCI), alleging fraud, conspiracy to commit fraud, negligence, willful and wanton conduct, and conversion. Plaintiffs, who are Kenyan corporations or individual residents of that country, sought the payment of moneys allegedly owed to them by Diners Finance Ltd., DCI's licensee in Kenya. Plaintiffs sought to represent two classes: an "establishment class," whose members agreed to honor the Diners Club card and who are now allegedly owed money for customer purchases made using that card; and a "depositor class," whose members are allegedly owed money from their participation in the Diners Finance bank deposit program.

DCI filed a motion to dismiss, pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1998)), based on grounds of *forum non conveniens*. DCI argued that Kenya is the appropriate forum in that all activities underlying plaintiffs' theories of liability took place in Kenya, all of the documents, witnesses and necessary third parties are in Kenya, and all of the plaintiffs and purported class members are residents of Kenya. Plaintiffs argued,

*inter alia*, that although Kenyan civil procedures recognize representative actions, they do not provide the scope of relief available in class actions in this state.

On January 31, 1996, the circuit court (Levin, J.) granted DCI's motion. The court observed that, even if the scope of relief in Kenya is not the same as in the United States, or if Kenyan substantive law is less favorable, neither provides a basis to avoid dismissal based on *forum non conveniens*.

■ The dismissal of plaintiffs' complaint was made subject to the provisions of Rule 187(c)(2). This rule provides that an action dismissed on *forum non conveniens* grounds is subject to certain conditions and, upon timely petition by plaintiffs, may be reinstated where "the court in the other forum refuses to accept jurisdiction." 134 Ill. 2d R. 187.

On April 10, 1998, plaintiffs petitioned the circuit court to reinstate the action. They argued that the March 13, 1998, order of the Kenyan court, declining to take the case as a representative action, constitutes a refusal to accept jurisdiction under Rule 187. DCI argued that plaintiffs' characterization of the March 13, 1998, order is simply wrong and that the litigation is proceeding in Kenya. DCI also argued that the adequacy of the Kenyan courts was already considered by the circuit court when it granted DCI's motion to dismiss, that plaintiffs never appealed that ruling, and that the issue could not be relitigated.

The March 13, 1998, order of the Kenyan court indicates that it was entered in response to an application by some 26 persons to be joined as substantive parties in that suit. The order, which dismissed the petition, states in relevant part:

"[W]here the claim of the plaintiff is for damages the machinery of a representative suit is absolutely inapplicable. The relief that he is seeking is a personal relief, applicable to him alone, and does not benefit in any way the class for whom he purports to bring the action.

\* \* \*

It is accordingly inappropriate to combine the differing claims of these plaintiffs in one such suit being primarily for the purposes of claiming damages founded on differing and varied factual basis [*sic*]."

On November 30, 1998, the circuit court (Preston, J.) denied plaintiffs' Rule 187 petition to reinstate. The court noted that the Kenyan court did not dismiss the case, but simply ruled that it could not go forward as a class action, and that this was an insufficient basis to reinstate the case. Plaintiffs timely appealed.

## ANALYSIS

Plaintiffs argue that, although no class action was certified in the

circuit court, the "action" pled was a class action, and the refusal of the Kenyan court to entertain the suit as a representative action constitutes a refusal to accept jurisdiction for purposes of the reinstatement provisions of Rule 187. We disagree.

■ A "class action" is a "procedural vehicle" under which claims by multiple persons may be decided in a single action, without the necessity of an appearance by each. *Steinberg v. Chicago Medical School*, 69 Ill. 2d 320, 337, 371 N.E.2d 634 (1977); see also *Hess v. I.R.E. Real Estate Income Fund, Ltd.*, 255 Ill. App. 3d 790, 802-03, 629 N.E.2d 520 (1993) (class action serves as a device to litigate similar claims); 735 ILCS 5/2—801 (West 1998) (setting forth prerequisites for maintenance of class action). It allows a representative party to initiate a mass action on behalf of similarly situated class members without their consent. *In re Chicago Flood Litigation*, 289 Ill. App. 3d 937, 942, 682 N.E.2d 421 (1997). Thus, the designation of an action as a "class action" merely identifies the procedural device under which the class members' claims will be litigated.

A court's refusal to entertain an action as a class action does not mean that the court lacks jurisdiction to hear the action. Indeed, an order denying class certification or dismissing class allegations is interlocutory and does not terminate the litigation; rather, the plaintiff is free to proceed on his or her individual claims. *Levy v. Metropolitan Sanitary District of Greater Chicago*, 92 Ill. 2d 80, 83, 440 N.E.2d 881 (1982); *Arriola v. Time Insurance Co.*, 296 Ill. App. 3d 303, 308, 694 N.E.2d 649 (1998).

■ This is what occurred in the instant litigation. The Kenyan court refused to entertain the case as a representative action and the case proceeded as to the claims of the only named plaintiff in that suit.

Plaintiffs argue, however, that because the Kenyan court is not empowered to hear and decide the "class of cases" to which their case belongs, *i.e.*, representative actions seeking money damages, the Kenyan court was without subject matter jurisdiction. See *Kemling v. Country Mutual Insurance Co.*, 107 Ill. App. 3d 516, 519-20, 437 N.E.2d 1253 (1982).

The "class of cases" to which this case belongs is *not* "representative actions seeking money damages". Rather, the classes of cases to which this case belongs are more properly described as ones for fraud, negligence and conversion. Plaintiffs do not suggest that the Kenyan courts lack the power to hear and determine cases for fraud, negligence and conversion.

Further, plaintiffs mischaracterize the ruling by Judge Levin. His order dismissing the case on grounds of *forum non conveniens* was in

no way conditioned on the case proceeding as a class action in Kenya. Indeed, as noted above, Judge Levin acknowledged that Kenya's legal system and substantive laws may be less favorable than those of Illinois.

Plaintiffs' arguments are really an attack on the adequacy of the other forum, an issue decided by Judge Levin in his January 31, 1996, order. Plaintiffs did not seek leave to appeal that order, although they clearly had the right to do so. See 166 Ill. 2d R. 306 ("party may petition for leave to appeal *** from an order of the circuit court allowing *** a motion to dismiss on the grounds of *forum non conveniens*"). Thus, the time for challenging that ruling has come and gone. *Miller v. Consolidated R. Corp.*, 173 Ill. 2d 252, 257-58, 671 N.E.2d 39 (1996); *Buckland v. Lazar*, 145 Ill. App. 3d 436, 438-39, 495 N.E.2d 1254 (1986).

Similarly, the various cases cited by plaintiffs generally address the policies underlying the doctrine of *forum non conveniens* and criteria for assessing the adequacy of the other forum. Significantly, plaintiffs cite to no case where the refusal of the other forum's court to entertain the action as a class action was considered tantamount to a refusal of jurisdiction. Accordingly, we affirm the judgment of the circuit court dismissing plaintiffs' petition to reinstate their case.

Affirmed.

HOFFMAN, P.J., and HALL, J., concur.