No. 2--00--0014 

_________________________________________________________________ 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

NATIONAL SEAL COMPANY, ) Appeal from the Circuit Court

                  ) of Kane County.

     Plaintiff-Appellee,        )

                                ) 

v. ) No. 99--L--014

)

LEON A. GREENBLATT III,         ) 

)

Defendant-Appellant   )

                                )  Honorable 

(Resource Technology            ) Gene L. Nottolini,

Corporation, Defendant).        ) Judge, Presiding.

_________________________________________________________________

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Leon A. Greenblatt III, appeals from the circuit court's order that denied his motion to transfer venue of this breach of contract action to Cook County.  He contends that no legitimate basis exists for venue in Kane County.  Because we lack jurisdiction, we dismiss the appeal.

The plaintiff, National Seal Company, sued Greenblatt and Resource Technology Corporation (RTC).  The plaintiff alleged that RTC owed it money pursuant to various contracts.  The plaintiff further alleged that Greenblatt, an officer and director of RTC, had executed a promissory note guaranteeing payment of those obligations but that $1,762,927.73 remained due.  The note requires Greenblatt to pay the principal amount to the order of National Seal "at its principal office at 1245 Corporate Blvd., Suite 300, Aurora, Illinois."

RTC appeared and moved to transfer venue to Cook County.  The court denied the motion.  Greenblatt appeared on August 16, 1999, and filed his own motion to transfer venue to Cook County.  The court denied this motion on October 14, 1999.  On November 12, 1999, Greenblatt filed a motion to reconsider.  The court denied the motion on December 8, 1999.  On January 7, 2000, Greenblatt filed a petition for leave to appeal pursuant to Supreme Court Rule 306(a)(4) (166 Ill. 2d R. 306(a)(4)).  This court granted the petition.

Greenblatt argues that the trial court erred in denying his motion to transfer venue because both he and RTC are residents of Cook County and none of the events surrounding the contracts occurred in Kane County.  The plaintiff initially responds that we lack jurisdiction to hear this appeal because Greenblatt filed his petition for leave to appeal more than 30 days after the trial court denied his original motion to transfer venue and, under Rule 306, the motion to reconsider did not toll the time to appeal.  We agree.

Rule 306 allows for permissive appeals from, 
inter alia
, orders granting or denying motions to transfer venue.  166 Ill. 2d R. 306(a)(4).  The rule requires, as a prerequisite to invoking appellate jurisdiction, the filing of a petition "in the Appellate Court in accordance with the requirements for briefs within 30 days after the entry of the order."  166 Ill. 2d R. 306(b).  The 30-day time limit under Rule 306 is jurisdictional.  
Kemner v. Monsanto Corp.
, 112 Ill. 2d 223, 236 (1986).  Moreover, a motion to reconsider filed in the trial court does not postpone the time in which to appeal.  
Odom v. Bowman
, 159 Ill. App. 3d 568, 571 (1987); 
Buckland v. Lazar
, 145 Ill. App. 3d 436, 438 (1986).

Greenblatt acknowledges this rule but, citing 
Kemner
, argues that his motion to reconsider alleged "new facts" and should therefore be considered a new motion to transfer venue that started a new 30-day period in which to appeal.  
Kemner
 is distinguishable from this case, however.

In 
Kemner
, the defendant filed three separate motions to dismiss on 
forum non conveniens
 grounds.  The court denied the first motion on May 29, 1981.  With no mechanism for a direct appeal of such an order then existing, the defendant filed a petition for a writ of 
mandamus
, which was denied.  
Kemner
, 112 Ill. 2d at 229.  The circuit court denied the defendant's second motion on April 29, 1983, and the reviewing courts denied the defendant's petitions for leave to appeal.  
Kemner
, 112 Ill. 2d at 230-31.  The defendant filed a third motion, entitled a "motion to reconsider," on September 28, 1984, alleging facts that had come to light during discovery to bolster its contention that the chosen forum was not convenient.  The trial court denied the motion on December 13, 1984.  
Kemner
, 112 Ill. 2d at 231.  The appellate court denied a petition for leave to appeal, but the supreme court granted it and reversed the trial court's order.

The supreme court held that it had jurisdiction despite the 30-day time limit in Rule 306 because the "motion to reconsider" was in reality a new original motion to dismiss.  
Kemner
, 112 Ill. 2d at 238.  It held that the September 28, 1984, motion was not an attempt to extend the time to appeal the denial of the 1983 motion because the defendant had already pursued an appeal from the earlier order.  
Kemner
, 112 Ill. 2d at 239.  The court stated, "The fact that a circuit court ruling was obtained and a timely appeal sought as to each motion leads us to conclude that each motion was in substance a new original motion seeking dismissal on the basis of 
forum non conveniens
."  
Kemner
, 112 Ill. 2d at 239.

Here, unlike in 
Kemner
, Greenblatt did not seek to appeal the order denying his motion to transfer venue.  Instead, within 30 days of that order, he sought reconsideration.  This motion did not extend the time to appeal.  Contrary to Greenblatt's argument, the critical factor in 
Kemner
 was that the defendant pursued appeals of each of the three orders, not that the successive motions alleged "new facts."  Moreover, the motion to reconsider does not allege any new facts but merely includes more details in support of the arguments raised in the original motion.  In 
Bucklew v. G.D. Searle & Co.
, 138 Ill. 2d 282 (1990), which Greenblatt also cites, the issue of appellate jurisdiction was not considered.

We note that, had Greenblatt's motion to reconsider actually been a new original motion, it would have been untimely.  A motion based on improper venue must be filed on or before the date by which the defendant is required to appear and answer.  735 ILCS 5/2--104(b) (West 1998).  Greenblatt filed his original motion on the last day for him to appear.  Therefore, a subsequent venue motion would have been untimely.

In its brief, the plaintiff requests sanctions pursuant to Supreme Court Rule 375 (155 Ill. 2d R. 375).  We do not find that the appeal was brought in bad faith or for an improper purpose.  Therefore, we deny the plaintiff's request.

The appeal is dismissed.

Appeal dismissed.

HUTCHINSON, P.J., and BYRNE, J., concur.