*In re* LEONARD R., a Minor, Respondent-Appellee (The People of the State of Illinois, Petitioner-Appellee, v. Deborah D., Respondent-Appellant).

First District (6th Division)   No. 1—03—0682

Opinion filed June 30, 2004.

Thomas M. O'Connell, of Schaumburg, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Nancy Faulls, and Peter Maltese, Assistant State's Attorneys, of counsel), for the People.

JUSTICE TULLY delivered the opinion of the court:

In this case we granted respondent, Deborah D., leave to appeal pursuant to Supreme Court Rule 306(a)(5) (166 Ill. 2d R. 306(a)(5)) from an order of the circuit court affecting the care and custody of respondent's minor son. For the reasons which follow, we have now determined that respondent's appeal is untimely and that we are without jurisdiction to consider it. The appeal shall therefore be dismissed.

Respondent, Deborah D., sought leave to appeal from the trial court's November 14, 2002, order changing the permanency goal for her minor son from return home to substitute care pending court determination of termination of parental rights. Respondent filed a motion to reconsider arguing that the trial court "overlooked" certain facts and erred in its application of existing law. On February 10, 2003, the trial court denied respondent's motion to reconsider.

On March 11, 2003, respondent filed a "Motion for Leave to Appeal and/or Motion for an Extension of Time to File an Amended Motion for Leave to Appeal." This court allowed the extension of time to file an Amended Petition for Leave to Appeal. On May 1, 2003, respondent filed a second motion for extension of time, which this court granted. On June 2, 2003, respondent filed her Petition but failed to file the Record on appeal. Thus, on August 13, 2003, on the court's own motion, the appeal was dismissed for want of prosecution. On August 25, 2003, respondent filed a petition to vacate the dismissal, and on September 9, 2003, this court withdrew the dismissal order and allowed the Amended Petition for Leave to Appeal.

The merits of the appeal have now been briefed. Both the State and the minor-respondent maintain that this court lacks jurisdiction to hear this appeal because respondent's petition for leave to appeal was not filed within thirty days of the trial court's order.

According to her jurisdictional statement, respondent bases this court's jurisdiction to hear her appeal on Supreme Court Rule 306(a)(5) (166 Ill. 2d R. 306(a)(5)). Supreme Court Rule 306(a)(5) states:

"(a) Orders Appealable by Petition. A party may petition for leave to appeal to the Appellate Court from the following orders of the trial court:

* * *

(5) from interlocutory orders affecting the care and custody of unemancipated minors, if the appeal of such orders is not otherwise specifically provided for elsewhere in these rules[.]" 166 Ill. 2d R. 306(a)(5).

The Rule further provides:

"(b) Petition. The petition shall contain a statement of the facts of the case, supported by reference to the supporting record, and of the grounds for the appeal. An original and three copies of the petition *** shall be filed in the Appellate Court *** within 30 days after entry of the order.

* * *

(e) Extensions of Time. The above time limits may be extended by the reviewing court or a judge thereof upon notice and motion, accompanied by an affidavit showing good cause, filed before expiration of the original or extended time." 166 Ill. 2d. R. 306(b), (e).

■ Supreme Court Rule 306 is specific in its requirement that, in order to vest the appellate court with jurisdiction, the petition for leave to appeal must be filed within 30 days after entry of the trial court's order or within such extension of time as may be granted by the reviewing court. The thirty-day time limit under Rule 306 is jurisdictional. *Kemner v. Monsanto Co.*, 112 Ill. 2d 223, 236, 492 N.E.2d 1327 (1986).

The petition here did not meet this requirement. The record makes clear that respondent did not file a request for an extension of time until March 11, 2003, almost four months after the trial court entered the order concerning the permanency goal. The respondent did file her request for an extension within thirty days of the trial court's ruling on her motion to reconsider. However, this is not sufficient to vest jurisdiction in this court.

Illinois courts have held that a motion for reconsideration directed against an interlocutory order will not toll the running of the 30-day deadline for the filing of the appeal under Supreme Court Rule 306. See *Law Offices of Jeffrey M. Leving, Ltd. v. Cotting*, 345 Ill. App. 3d 495, 801 N.E.2d 6 (2003); *National Seal Co. v. Greenblatt*, 321 Ill. App. 3d 306, 308, 748 N.E.2d 333, 335 (2001); *Buckland v. Lazar*, 145 Ill. App. 3d 436, 438, 495 N.E.2d 1254, 1256 (1986).

Respondent contends that these cases can be distinguished because none of them involved the review of an order concerning a permanency goal and the care and custody of a minor. Respondent correctly points out that none of the cases cited above concern subsection (a)(5) of

Rule 306. However, we find this distinction irrelevant as the timeliness requirement in subsection (b) of Rule 306 applies to all petitions filed pursuant to Rule 306. In other words, if a motion to reconsider will not toll the running of the 30-day deadline for petitions filed pursuant to 306(a)(1), (a)(2) and (a)(4), then a motion to reconsider will not toll the running of the deadline for a petition filed pursuant to 306(a)(5).

Respondent further contends that her Motion to Reconsider is an independently appealable order under Rule 306. She asserts that at the hearing on the motion to reconsider on February 10, 2003, the trial court made additional findings and "the permanency order was not 'a final order' until February 10, 2003 when the trial court made all of its findings with regard to the permanency goal entered for the minor." We disagree.

A review of the record shows that the motion to reconsider did not present any new facts or new law. All of the facts and the reports submitted in support of the motion to reconsider were before the trial judge when he entered his original permanency order.

Respondent was obligated to file her petition for leave to appeal within 30 days of November 14, 2002. She should not have delayed until after the trial court's disposition of the motion to reconsider. Because of this delay, we have no jurisdiction to hear the case, and respondent's appeal must be dismissed.

For the foregoing reasons, respondent's appeal is dismissed.

Appeal dismissed.

GALLAGHER and FITZGERALD SMITH, JJ., concur.