2021 IL App (2d) 200678-U
No. 2-20-0678
Order filed June 8, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| ROTH AND MELEI, LTD., d/b/a Roth Melei Petsche Spencer, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 19-L-177 |
| KYLE CUNNINGHAM, PETRA TRIVUNOVIC, and MARJORIE BROWNE, | ) ) ) | Honorable Thomas A. Meyer, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Zenoff and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Appeal dismissed for lack of jurisdiction, where order dismissing claims, with prejudice, as to one but not all defendants was final but not appealable in the absence of a Rule 304(a) finding.

¶ 2   Plaintiff, Roth & Melei, Ltd., d/b/a Roth Melei Petsche Spencer, sued defendants, Kyle Cunningham, Petra Trivunovic (Cunningham's wife), and Marjorie Browne (Cunningham's mother), asserting claims for breach of contract, account stated, *quantum meruit*, defamation *per se*, civil conspiracy, and fraudulent inducement.  Browne moved to dismiss (735 ILCS 5/2-619.1

(West 2018)), and the trial court granted the motion with prejudice and subsequently denied plaintiff's motion to reconsider. Plaintiff appeals. We dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4     Beginning in 2019, plaintiff sued defendants, alleged that Browne promised to pay Cunningham's legal bills and conspired to defame the firm by causing the posting of a negative Google review of the firm.

¶ 5     In its January 28, 2020, second amended complaint, plaintiff sought recovery for breach of contract (count I), account stated (count II), *quantum meruit* (count III, pleaded in the alternative), defamation *per se* (count IV), civil conspiracy (count V), and fraudulent inducement (count VI, pleaded in the alternative). It alleged that plaintiff and Cunningham entered into their agreement on January 26, 2018, for the provision of and payment for legal services. Plaintiff also alleged that, on the same date, plaintiff and Browne entered into an oral agreement for the provision of and payment for legal services on Cunningham's behalf and that Browne agreed to be responsible for the invoices and requested, via a March 16, 2018, email, that all invoices be sent directly to her (and attaching a copy of the email). Plaintiff also alleged that, by entering into the oral agreement, Browne understood that she had an obligation to pay her son's future debts with plaintiff relating to his divorce case, and it referenced a credit card authorization attached as an exhibit and a transaction report from LawPay, plaintiff's accounting system.

¶ 6     Plaintiff asserted that, pursuant to the oral agreement, (1) Browne offered to pay for Cunningham's legal services related to his divorce, because she wanted to keep her grandchildren in Illinois; (2) plaintiff agreed to continue to do legal work for her son in his divorce action; (3) plaintiff would send Browne monthly invoices; and (4) she would pay the invoice when received, along with any interest for late payments. Plaintiff asserted that Cunningham and Browne had

breached the agreement by failing to pay for the provided services. Plaintiff also alleged that it sent monthly invoices to Cunningham and Browne and that they never objected to the amount or content of the invoices and had an outstanding balance of $41,959.38. As to the fraudulent inducement count, plaintiff argued that Browne's agreement to pay for Cunningham's legal fees was a statement of material fact and made for the purpose of inducing plaintiff to continue its representation of her son in his divorce action, despite the fact that he could not pay his legal fees. As Browne did not pay the fees, her statement agreeing to pay was false and she knew she was making a false statement to pay the fees.

¶ 7     As to the defamation count, plaintiff asserted, upon information and belief, that (1) Cunningham and Browne were angry that plaintiff was suing them; (2) they came up with the idea to post a negative review of plaintiff on Google; (3) they came up with the false and derogatory statements to put in the Google review; and (4) they designated Trivunovic to write and post the review. Accordingly, plaintiff alleged that, on or about April 19, 2019, Browne, Cunningham, and Trivunovic posted false and derogatory statements on Google in regards to services plaintiff and Petsche provided, in an effort to destroy their reputation and business. Plaintiff quoted the review and asserted that Trivunovic had never been a client of the firm or Petsche. The review, plaintiff asserted, was false and inherently injurious to its and Petsche's business integrity and reputation, was posted with actual malice and intentional and/or reckless disregard for the truth, in retaliation for plaintiff attempting to collect on the debt owed by Cunningham and Browne, all of which defamed plaintiff and Petsche.

¶ 8     Further, plaintiff asserted, on information and belief, that (1) defendants worked together in furtherance of their conspiracy when they had Trivunovic post a negative and false review in

order to defame plaintiff; and (2) defendants planned and intended to harm plaintiff's professional and business reputation.

¶ 9    Plaintiff attached to its complaint: (1) a copy of the retainer agreement between it and Cunningham; (2) the March 16, 2018, email; (3) a January 2020 affidavit from Petsche (in which he averred that all payments made on Cunningham's behalf were made by Browne and that she and plaintiff had an oral agreement that she would pay her son's bill every month in full and when due); (4) a credit card payment authorization form with Browne's credit card information and a March 16, 2018, receipt for payment of $1,700 for Cunningham; (5) a printout from LawPay (showing four payments from Browne for a total of $13,800; also showing six attempted payments from Browne labeled as failed or voided); and (6) an account statement for Cunningham, reflecting a $45,423.34 outstanding balance.

¶ 10    On February 26, 2020, Browne moved to dismiss plaintiff's second amended complaint (735 ILCS 5/2-619.1 (West 2018)).  Addressing the contract-based claims, she argued that she had no contractual obligation to pay Cunningham's debts, where the complaint contained no factual allegations concerning any new consideration, and, further, any obligation was a special promise of a surety, which was required to be in writing.  As to the *quantum meruit* count, Browne argued that she received no benefit from plaintiff's services to Cunningham, she never accepted its services in the retainer agreement or entered into any contract with plaintiff, and a written contract existed between plaintiff and Cunningham that prescribed payment for services, thus, obviating the *quantum meruit* remedy.  She sought dismissal of the contract-based claims pursuant to both sections 2-615 and 2-619.

¶ 11    Browne also sought dismissal of the tort claims, arguing that they failed to properly plead that Browne made any statement about plaintiff, made any publication of such, or identified any

third party exposed to the alleged statement. She also argued that plaintiff did not allege that she made a false statement about plaintiff or have it published. Browne further alleged that the pleadings failed to specify what statement was false or qualified under the heightened pleading requirements for defamation *per se*. She sought dismissal pursuant to both sections 2-615 and 2-619.

¶ 12    As to the civil conspiracy claim, Browne argued that she was not served until April 29, 2019, about 10 days after the alleged defamatory publication and, thus, it was impossible for her to have retaliated on April 19 for being served the lawsuit based on the alleged debt owed. She also asserted that the complaint otherwise failed to assert an alternative retaliatory motive for her and failed to allege how she communicated, when she did so, or what she communicated. Stating that she came up with false and derogatory statements to put in the Google review, Browne argued, was conclusory. She also pointed to three affidavits, wherein she, Cunningham, and Trivunovic averred that Browne engaged in no action or statement about plaintiff or Petsche, thus, raising a "presently unrebutted fact" that was dispositive of the claim, pursuant to section 2-619 of the Code. Finally, as to section 2-615, she asserted that plaintiff failed to allege what action she took in furtherance of the conspiracy to defame plaintiff, how she did it and when, what basis in fact existed to connect her to Trivunovic's statement, and the unrebutted fact that she engaged in no action or communication in furtherance of the conspiracy.

¶ 13    As to the fraudulent inducement count pleaded in the alternative, Browne argued that it should be dismissed, because plaintiff solely alleged that Browne made a false statement of future payment, which does not constitute fraud. She sought dismissal pursuant to section 2-615.

¶ 14                    D. Trial Court's Ruling and Subsequent Proceedings

¶ 15    On June 22, 2020, the trial court dismissed all counts of plaintiff's complaint, with prejudice. As to the contract-based counts and the fraudulent inducement count, the court found that Browne's statement to send her the invoices was not a promise to pay.  As to the defamation counts, the trial court determined that Petsche's affidavit did not rebut defendants' affidavits, because Petsche's averments were merely his conclusory opinions.

¶ 16    On July 22, 2020, plaintiff moved to reconsider, and, on October 6, 2020, the trial court denied plaintiff's motion.  Plaintiff appeals.

¶ 17                                    II. ANALYSIS

¶ 18    Plaintiff argues that the trial court erred in dismissing its second amended complaint with prejudice, where the court did not view the pleadings in the light most favorable to plaintiff, erred in dismissing the contract-based counts with prejudice, and misinterpreted the law in denying its motion to reconsider.

¶ 19    We do not reach the merits of this appeal, because the issue of our jurisdiction is implicated and dispositive.  We have an independent duty to ensure we have jurisdiction and to dismiss appeals if we lack jurisdiction.  See *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984).

¶ 20    Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) requires that, where multiple parties or multiple claims for relief are involved in an action, no appeal may be taken from a final judgment as to one or more but fewer than all the parties or claims unless the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal.  "In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time

before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."
*Id.*

¶ 21    Thus, to invoke the jurisdiction of this court, an order must be both final and appealable. The dismissal, with prejudice, of all of the counts as to Browne was a final judgment. See, *e.g.*, *J. Eck & Son, Inc. v. Reuben H. Donnelley Corp.*, 188 Ill. App. 3d 1090, 1093 (1989) (a dismissal with prejudice is usually considered a final judgment, including the dismissal of claims in a complaint). However, such a final judgment may not typically be appealed, because other matters remain pending. See *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 11. Here, the claims against Cunningham and Trivunovic remain pending. Absent a Rule 304(a) finding, the order as to Browne is final but not appealable. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502-03 (1997) ("Without a Rule 304(a) finding, a final order disposing of fewer than all of the claims in an action is not instantly appealable. Such an order does not become appealable until all of the claims in the multiclaim litigation have been resolved.") As the record on appeal, which is all that we may consider, contains no Rule 304(a) finding, we lack jurisdiction to consider this appeal. *Blanchette v. Martell*, 52 Ill. App. 3d 1029, 1031 (1977) ("[w]hen there is no compliance with Rule 304(a), the appellate court has no jurisdiction, and it is proper for the court to dismiss the appeal on its own motion").

¶ 22                              III. CONCLUSION

¶ 23    For the reasons stated, we dismiss the appeal for lack of jurisdiction.

¶ 24    Appeal dismissed.